## Rheeling's Appeal. [1]

Upon the distribution of the proceeds of a sheriff's sale of personalty, under an execution against a manufacturer, one who had accepted and paid store orders which the defendant had given to his laborers for wages, cannot claim to be substituted to the preferred claim on the fund to which such laborers would have been entitled, by virtue of the Act of April 9th, 1872. Such payment of orders, the amounts of which were charged to the account of the maker, is not equivalent to an assignment of the labor claims so as to entitle the person paying the same to such preferred claim.

June 6th, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

APPEAL from the Court of Common Pleas of *Dauphin county*: Of May Term, 1884, No. 22.

This was an appeal by C. F. Rheeling from a decree of said Court dismissing his exceptions to the report of an Auditor, in the matter of distribution of the proceeds of a sheriff's sale of the personal property of C. S. Hurd under writs of fieri facias.

The material facts were as follows:—Within six months prior to the said sheriff's sale C. S. Hurd had been engaged in the business of manufacturing iron, and had given to his laborers on account of wages due them, certain orders addressed to C. F. Rheeling who kept a general merchandise store. These orders were in the following form:—

$5.00                                      STEELTON, May 4, 1880.

Mr. Rheeling: Please let E. M. Gifft have goods to amt. of Five dollars ($5.00) and chg. to acct.

C. S. HURD.
*per* W. M. KRAUSER.

Rheeling had honored such orders to the amount of $130.14 and in each case charged the amount of the orders to Hurd.

Before the Auditor, Rheeling claimed to be substituted to the preferred labor claims of the laborers to whom he had paid said orders, to the said amount of $130.14, under the provisions of the Act of April 9th, 1872, P. L. 47.

The Auditor declined to allow said claim as a preferred claim, holding as follows:—

"It must be admitted that a labor claim can be assigned, but the acceptance of an order, and furnishing goods to the person in whose favor the order is drawn, is not a legal or equitable assignment of a debt. The orders were charged by Rheeling directly to Hurd, to whom he looked for payment. Rheeling could claim from the fund in court only through the

laborers who had liens against it, but Hurd was substituted as a debtor, and the amount of the orders charged up to the workmen by him. Hurd then owed nothing *to the laborers, and* Rheeling had accepted Hurd as his debtor. The latter *was* simply individually responsible to the former. This is the effect of the transaction as the Auditor understands it, and if he is right Rheeling must look alone for payment to Hurd. The Auditor is referred to the Philadelphia Trust Company's Appeal, 2 W. N. C. p. 593. But that case does not decide the point in favor of Rheeling. Accordingly the claims thus presented are disallowed."

Exceptions filed by Rheeling to the Auditor's ruling were dismissed by the court (HERMAN, P. J.) and the Auditor's report of distribution was confirmed; whereupon Rheeling took this appeal, assigning for error said action of the court.

*J. C. McAlarney* (with him *Benj. L. Forster* and *J. B. Ewing*) for the appellant.

*Wm. B. Lamberton* (with him *W. S. Purviance, M. E. Olmsted* and *Robert Snodgrass*) for the appellees.

The opinion of the court was filed October 6, 1884.
PER CURIAM. This order was not an assignment of the claim so as to give it a preference over other claims. Conceding that a labor claim may be assigned, yet a general order for goods to a specific amount and charged to the account of the maker, gives it no such preference. No evidence was given sufficient to change the legal effect of this order.

Decree affirmed and appeal dismissed at the costs of the appellant.