## Huff's Estate.

Argued March 17, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*Joseph Levy,* with him *Boose & Boose,* for appellant. —The court erred in opening the account for review: Willing's Est., 288 Pa. 337.

It was error to open account for review on the ground that a proper voucher was not filed: Taylor v. Com., 103 Pa. 97.

The evidence was not sufficient to warrant surcharges.

*Leland W. Walker* and *John W. Maher,* of Washington, D. C., for appellee, were not heard.

OPINION BY MR. JUSTICE WALLING, April 14, 1930:

Irvin T. Huff, of Somerset County, died testate on September 21, 1925. His will made his wife sole legatee

and named her as executrix; but, she having declined to act as such, Harry L. Campbell was appointed administrator c. t. a. He filed his first partial account in August, 1926, and it was confirmed without exception; but in June, 1927, Edgar B. Chiswell, a creditor, presented a petition to the orphans' court setting up numerous specified errors in the account and, in effect, praying that the decree of confirmation be opened and a review of the account granted. After answer filed and upon due consideration, petitioner's prayer was granted. Thereupon a rehearing was had and testimony taken. The court filed an opinion and entered a final decree by which accountant was surcharged with $2,594.60. Therefrom he brought this appeal.

Nothing appears to justify disturbing the decree. The right of the orphans' court to grant the review is undoubted. In addition to section 48 of the Fiduciaries Act of June 7, 1917, P. L. 447, 514, which expressly provides for such review, the discretionary power of the orphans' court to grant it is settled beyond question. "Irrespective of any legislation, the orphans' court possesses an inherent discretionary power 'to correct its own records in the interest of justice, even to protect parties from the effect of their own mistakes and blunders' ": Willing's Est., 288 Pa. 337, 343; Sloan's Est., 254 Pa. 346, 350, and see Bender's Est., 278 Pa. 200, 203; Troutman's Est., 270 Pa. 310; Estate of Helen Turnbull, 88 Pa. Superior Ct. 482; Mitcheson's Est. (opinion by Judge Penrose), 11 W. N. C. 240. Furthermore, there is no merit in the contention that the surcharge was based on matters outside of the order opening the confirmation. The decree therefor is: "Now, January 8, 1929, confirmation of the account, as of September 18, 1926, is hereby vacated and the account opened to a review upon errors, mistakes and any illegal disbursements of the assets of the estate set up as such in the petition for review." The petition to open the

decree, while inartificially drawn, includes, inter alia, each item upon which a surcharge was allowed.

On the merits, the proof justified each item of surcharge. The estate being insolvent the item of $803.25 claimed as a credit for a payment made to the Schofield Lumber Company, as a store account, could not be allowed. It was largely for merchandise given mine workers on store orders; but it does not appear when the labor of the miners had been performed and lacks every element necessary to constitute a preferred claim, aside from the rule that one who merely pays store orders given for labor is not entitled to recover upon them as preferred claims. See Rheeling's App., 107 Pa. 161.

An item of $601.35 was claimed for premiums paid on fire insurance on buildings constituting the Huff real estate. This was properly disallowed in the account of the personal estate. In the absence of an order of court, what an administrator does in relation to the decedent's real estate he does as agent for the heirs: Kelley's Est., 297 Pa. 17, 21; Herron v. Stevenson et al., 259 Pa. 354; Morrison's Est., 196 Pa. 80. The power of an administrator over real estate is its sale by order of court for payment of debts: Merkel's Est., 131 Pa. 584. Moreover, in the instant case, the orphans' court was not requested to and did not direct the administrator to collect the rents of the real estate as provided in section 14 of the Fiduciaries Act of 1917, P. L. 447, 476.

The accountant claimed credit for $300 as traveling expenses. This, after hearing the evidence, the court reduced to $150. Accountant claimed credit for $1,000 for services as executor. The amount of the estate involved in this account was less than $4,000. As no unusual or extra arduous services were shown the court properly reduced it to 5 per cent. Lastly, the accountant claimed a credit of $1,000 for fees paid his attorney. Of this sum the latter gave $300 to the member of the bar who had suggested him as counsel for the estate. To the extent of the last stated amount the court sur-

charged accountant. The three items just mentioned, viz., expenses, commissions and counsel fees, are matters resting largely in the discretion of the orphans' court, which so far as appears was wisely exercised.

The account as filed showed a balance of $1,672.12 due the accountant. Hence, the provision stated in the above cited 48th section of the Fiduciaries Act, "That this act shall not extend to any cause when the balance found due shall have been actually paid and discharged by any fiduciary," has no application. As the account showed no balance in the hands of the accountant he could have made no distribution on the faith of the confirmation.

The question of the effect of the illegality of the appointment of Mr. Campbell as administrator was not raised or considered on this appeal.

The decree is affirmed and the appeal dismissed at the costs of appellant.