## Dickel's Estate

Before Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

*Joseph Sternberger,* for exceptant.
*James R. Anderson,* contra.

STEARNE, J., March 11, 1938. — In an estate of over $77,000, with 22 mortgages, many in default, and in others possession taken as mortgagee, exception is taken to the allowance of a $2,500 attorney fee. The objection is that no counsel fee at all should be allowed because counsel is a cofiduciary; furthermore, that if such counsel fee is permissible, in such circumstances, the amount allowed is excessive.

Beyond the usual administrative duties of a fiduciary, certain strictly legal services are required in the settlement of an estate. The will must be probated, an inventory prepared and filed, State transfer inheritance tax adjusted, Federal tax returns made and tax settled, and an account must be filed and audited. In the settlement of most estates legal questions arise which require the services of a lawyer, especially when there are numerous mortgages, in default, under foreclosure, and possession taken by the mortgagee.

For the reasons and under the authorities cited in the adjudication, we are of opinion that an attorney is not deprived of a reasonable counsel fee for necessary legal services rendered the estate, because he is also a fiduciary.

The auditing judge, after due consideration, fixed the amount of counsel fee. Such a finding will not be disturbed except for manifest error: Dunmore's Estate, 14 D. & C. 630; Huff's Estate, 300 Pa. 64; Rambo's Estate, 327 Pa. 258.

We have examined this record with considerable care and are unanimously of opinion that there is no manifest error or abuse of discretion by the auditing judge.

The exceptions are dismissed and the adjudication confirmed absolutely.