## Moreland Estate.

Argued March 27, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*W. McCook Miller,* with him *Reed, Smith, Shaw & McClay,* for appellant.

*Ella Graubart,* with her *Patterson, Crawford, Arensberg & Dunn,* and *Walter W. McVay,* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 22, 1944:

This appeal raises the question of whether or not a secured creditor of an insolvent decedent's estate may apply the credit for the value of his collateral first to

*interest accrued after the date of death* to the time of giving the credit, then to principal, and prove for the balance against the general funds of the estate.

Appellant's security is a Bond and Warrant accompanied by a Mortgage. At the first audit of the Estate, the payment was ordered of all *unsecured* claims in full. The Auditing Judge directed the balance to be prorated among the *secured* creditors. Appellees whose claims were unsecured were erroneously treated as secured creditors and did not participate in the distribution. At the audit of the Second and Partial Account, appellees were awarded the balance for distribution, which was insufficient to pay their claims in full. Appellant also asked to participate in the fund for distribution. At the second audit, it was agreed by all parties that the Estate was insolvent. Appellant's claim was in the amount of $16,883.28, of which $7,110 was principal and $9,773.28 was interest *which had accrued since the decedent's death.* The value of the real estate secured by the mortgage was stipulated to be $10,000. The Auditing Judge refused appellant's claim on the ground that, the Estate being insolvent, appellant was entitled to no interest accruing after the death of the decedent and held security valued at a sum in excess of the principal debt. Appellant filed exceptions to the adjudication, which were dismissed by the court en banc. On this appeal, the only assignment of error originally filed by appellant related to the dismissal of its exceptions to the adjudication and the final decree of distribution was not assigned as error. Appellant subsequently filed additional assignments of error to correct this omission.

Appellant concedes that under the doctrine expressed in *United Security Trust Company Case,* 321 Pa. 276, 184 A. 106, the Bankruptcy Rule is applied in the disposition of claims against an insolvent estate. Under that rule, appellant could have elected to relinquish its security and share as an unsecured creditor; instead, it chose to retain its security. Under the circumstances, it

was entitled to claim only the balance due after deducting the value of the collateral. There is no need to discuss again the considerations which prompted this Court to adopt this principle. It has been reaffirmed in *Erie Trust Company's Case (No. 2)*, 326 Pa. 218, 191 A. 584, and *Emlen's Estate*, 333 Pa. 238, 4 A. 2d 143. Appellant asserts, however, that it may credit the value of the collateral against interest accrued after the death of the decedent, thereby preserving the greater part of the principal debt as the basis for its claim. It is contended that the case of *United Security Trust Company*, supra, does not overrule, on this point, the case of *Fulton's Estate*, 65 Pa. Superior Ct. 437, in which it was held that a secured creditor of an insolvent estate had the right to charge against the collateral the whole of his debt with interest to the date of the sale of the collateral. Upon this theory, appellant claims to be entitled to base his claim against the general funds of the Estate upon the balance of $6,883.28, which would remain of the total claim for the debt and interest if the sum of $10,000 was applied first to the payment of interest accrued since the death of the decedent.

Appellant's contention does not give full effect to the *United Security Trust Company Case*. In that case we applied the same limitations to claims against an insolvent decedent's estate as the bankruptcy law applies to claims against the estate of a bankrupt. This was made clear in *Emlen's Estate*, supra, at page 248, where we said: "It is necessary that some time be agreed upon when creditors' rights shall be regarded as fixed for the purposes of title and distribution. The general rule is that they are fixed as of the date of appointment of receivers, or, as of the date of the assignment for the benefit of creditors . . . and, in the case of a decedent, *at the time of his death*." While, therefore, appellant was entitled to retain its security and to realize from it as much as possible, so long as the proceeds did not exceed the debt and interest accrued to the date of dece-

dent's death, from that date no further interest accrued. As of that date, appellant was deemed to apply against the debt the value of its collateral. It could not enhance its rights by delaying to credit the collateral against the debt and claiming interest because of its delay. It is true that the Estate was not determined to be insolvent until the second audit, but upon that determination the rights of the creditors were fixed *ab initio*. This is consistent with the rule of bankruptcy that interest shall not be computed beyond the date of the petition and that as of that date "everything stops": *Sexton v. Dreyfus,* 219 U. S. 339. Appellant has failed to show that its debt as of the date of decedent's death exceeded the value of the collateral and therefore has not made a proper claim against the general funds of the insolvent estate.

The decree is affirmed at appellant's costs.