## Shafar Estate

*Avra N. Pershing, Jr.*, for appellant.

COPELAND, P. J., May 21, 1951.—Decedent died on April 28, 1951, leaving personal property appraised at $72.94 and real property consisting of about 49 acres in Unity Township, appraised at $4,500.

On February 25, 1951, the administrator filed a statement of debts and expenses of administration for the purpose of calculating the inheritance tax due in this estate. This list contained an item of $360 as compensation to the First National Bank in Greensburg, as administrator c. t. a. The register of wills, acting as agent for the Commonwealth, refused to allow this deduction but reduced it for tax purposes to $185, or approximately four percent of the gross estate. On the figures so changed by the register of wills, the transfer inheritance tax was assessed. The personal representative has taken an appeal from the appraisement and the matter now is before the court in connection with the audit of the administrator's account.

The sum of $360 was actually paid to the personal representative on February 13, 1951, as shown by the account, and no exceptions to the account have been filed by any party. The court cannot say that the compensation paid is unreasonable and in the absence of any exceptions, objections or testimony, is required to confirm the account as filed: Lennig's Estate, 53 Pa. Superior Ct. 596.

The amount involved in this proceeding is only $3.50, but the real question raised in this matter is whether or not the Department of Revenue, by bulletins issued to registers of wills, can fix for the purpose of inheritance tax the compensation of a personal representative without regard to any agreement of the parties, or the service rendered and labor employed, or other factors involved which make the settlement of one estate difficult and another simple. In the present case the register of wills states:

"The question hasn't been raised by the register of wills whether the fee is proper, that he doesn't think the fee is improper. The question is how much to allow as a credit against the estate for the purpose of taxation."

There being no evidence offered in this case by any party of the services rendered or their value, and no exceptions having been filed to the account, the court can do nothing except approve the account and, therefore, establish that in this case the credit of $360 compensation to the personal representative is a proper deduction for inheritance tax purposes. Section 1 of the Act of May 27, 1943, P. L. 757; 72 PS §2302 (second) provides:

". . . That whenever the allowance of any deduction by the Register of Wills from the gross value of such estate shall be in dispute, the question of allowance shall be determined by the court having jurisdiction of the accounts of the personal representative of the decedent in the adjudication made by such court upon any such account, and unless either party shall, by exceptions to the account or to the adjudication thereon duly presented as provided by law, raise its objection to the allowance or disallowance of a deduction for any credit claimed in the account or any award made in the adjudication, as the case may be, the adjudication confirming the account or making the award shall conclusively establish that the deduction should be allowed or disallowed, as the case may be."

This section of the Act of 1943 probably was intended to apply to the situation where a claim against decedent, i. e. one of his debts, is contested or in dispute. The status of such a claim as an item of deduction from the gross estate cannot be determined until it is adjudicated by a confirmation of the account or an award made by the court pursuant to an audit of

the account. While this section was probably not intended to apply to a dispute between the personal representative and the register of wills, such as is involved in this case, the section does by its terms apply here, and no exceptions having been filed to the account, the confirmation of the account is conclusive that the accountants' charge of $360 is a proper deduction for inheritance tax purposes.

The inheritance tax laws provide for a tax upon the clear value of the property and state that in ascertaining the clear value there may be deducted reasonable and customary funeral expenses, provision for burial lots in reasonable amounts, reasonable expenses for grave marker, but does not qualify, by use of the word reasonable, the deduction of expenses of administration. It, therefore, appears that the actual compensation paid in good faith to the personal representative by agreement of the parties or by reason of a failure to object to the amount charged or awarded for the purpose, is a proper deduction to ascertain the clear value of the property subject to tax.

There is very little chance of such a procedure being abused for the purpose of avoiding inheritance tax. Not many beneficiaries would give up funds which they might secure by payment of an inheritance tax of two percent or 10 percent. Not many personal representatives would want to make a record of income which they did not receive and on which they may be required to pay income tax.

Until the legislature changes the statute law, the Department of Revenue cannot fix the compensation of a personal representative for tax purposes at a fixed percentage nor at what, in its opinion, is a reasonable amount. Each estate is an individual problem and compensation is based upon "the labor employed, the responsibility assumed, the amount involved, and other factors well known to the profession": Gaumer Estate,

23 Lehigh 340. Under the Fiduciaries Act of 1949, real estate is handled in much the same manner as personal estate and distribution of real estate in kind may involve more services than a sale, particularly where there are many heirs. The courts have approved commissions on personal estate varying from two percent to five percent in estates up to $1,000,000: Gillespie's Estate, 75 Pitts. L. J. 481; Semple's Estate, 189 Pa. 385; Huff's Estate, 300 Pa. 64. Such approval by the courts would clearly make the full amount of the commissions, thus approved, deductible for inheritance tax purposes. How then can the Department of Revenue establish a rule contrary to the existing law? Under the existing law the courts and not the Department of Revenue are to determine what is a reasonable compensation for personal representatives and the determination by the court is conclusive that the deduction should be allowed or disallowed for tax purposes.

In cases where the personal representative wishes to pay the inheritance tax at the discount or before interest begins to run, and the register of wills, acting for the Department of Revenue, feels that the compensation of the personal representative will be in dispute or may not be proper for other reasons, the register of wills could allow the personal representative to pay tax on account and suspend the matter for the determination of the court upon the adjudication of the account as authorized by the Act of 1943, P. L. 757, 72 PS §2302.

The appeal from the appraisement and tax assessment in this case must be sustained.

### Decree

And now, May 21, 1951, it appearing that the transfer inheritance tax in this case has been paid in the amount of $42.54 and that no further tax is due, it is

ordered, adjudged and decreed that the appeal of the First National Bank in Greensburg, Pa., administrator, filed March 16, 1951, is sustained and the amount of transfer inheritance tax due on this estate is fixed at $42.54, and that the same has been paid in full.