## Mickey Estate

*Harold L. Roth*, for exceptants.
*Walter R. Mickey*, executor, p.p.

ROWLEY, J., December 4, 1974.—This case is before us upon exceptions filed by Thomas J. Fitzgerald and John J. Syka, a partnership, doing business as Fitzgerald and Syka (claimants) to the "account" filed by the executor, Walter R. Mickey.

Decedent, Walter V. Mickey, died testate on January 6, 1966. On January 28, 1966, letters testamentary were issued to the executor, Walter R. Mickey. Almost five years later, on December 1, 1970, the executor filed an inventory and appraisement and an inheritance tax return. According to the inventory and appraisement, the only asset of the estate was real estate in the Borough of Ambridge. On December 10, 1970, the executor filed a statement of debts and deductions. On March 7, 1973, the executor's counsel of record was permitted to withdraw his appearance because of the executor's refusal or failure to correspond or communicate with counsel. On April 18, 1974, claimants obtained a citation on the executor to show cause why he should not file an account. On May 22, 1974, following a hearing, at which the executor failed to appear, the citation was made absolute and the executor was directed to file his account within 30 days. On June 21, 1974, at the request of the executor,

the time in which to file his account was extended to July 22, 1974. On July 22, 1974, the executor filed, in the office of the Register of Wills, a document purporting to be his account of the estate. The "account" is not in the form prescribed by the Orphans' Court rules. Moreover, the so-called "account" is clearly an insufficient and inadequate statement of the executor's administration. It will be necessary that the "account" be restated. See Long's Estate, 143 Pa. Superior Ct. 176 (1941). Sometime during these proceedings the executor moved from Beaver County to the State of Florida.

In his "account", the executor charged himself with the sum of $3,867.76, being the total receipts from the sale of decedent's real estate. The executor claimed credit in the amount of $1,092.81 for taxes, repairs and counsel fees, leaving a balance of $2,774.95. According to a written statement, filed by the executor with his "account", he has a claim in the amount of $6,120 against the estate for a "personal loan" from himself to decedent. The executor claimed a credit in his "account" for payment to himself of the balance of $2,774.95 on account of his claim. On August 8, 1974, claimants filed exceptions to the "account". They objected to the credit of $2,774.95 claimed by the executor for the payment to himself on account of his claim. In addition, claimants presented their own claim in the amount of $1,235 for the funeral bill.

The "account" was called for audit on September 23, 1974. No one appeared on the executor's behalf and the claimants presented their claim and testimony in support thereof. Following the audit hearing, the court received, by certified mail, a written request from the executor to continue the audit, claiming that the condition of his health made it impossible for him to travel from Florida to Beaver County. Pursuant to

that request, the audit hearing was continued to November 18, 1974. On that date, counsel for the claimants appeared but again neither the executor nor anyone on his behalf appeared for the hearing. Once again, after the conclusion of the audit hearing, the court received, by certified mail, a written statement from one Louis Stahlman. Mr. Stahlman claims that he is the comptroller of the executor's business in Florida and that he has been "appointed" by the executor to represent him at the audit hearing. Mr. Stahlman further stated that the executor's health and his business needs made it impossible for Mr. Stahlman to appear at the scheduled time and another continuance was requested. No audit statement has been filed as required by the rules of the Orphans' Court.

The executor's request for a further continuance in this matter will be denied. It does not appear that Mr. Stahlman is an attorney or that he is authorized to practice law in Pennsylvania. Therefore, he cannot appear as counsel for the executor at an audit hearing. In addition, no affidavit or certificate has been presented from the executor's doctor to verify his claim of ill health. Time was extended for the executor to file his account after having been cited to do so. The matter has been scheduled for audit on two different occasions and one continuance was granted at the request of the executor. At both scheduled times, appearances were made by and on behalf of the claimants. On no occasion has the executor or anyone on his behalf appeared. Considering the delay by the executor in administering this estate and considering the numerous requests for delays, extensions and continuances without any verification of a need therefor, we are of the opinion that no further continuance should be granted. Under all of these circumstances, we are satisfied that the executor is not entitled to any further

delay in the disposition of this matter and that the claimants are entitled to a determination on the merits.

The claimants' claim for the funeral bill must be allowed. The funeral was ordered by three of decedent's sons, including the executor. The amount of $1,235 includes the sum of $310 advanced by the claimants. Claimants received a payment of $135 on account of the bill from the Social Security Administration. The amount of the bill, under all of the circumstances, including the size of the estate, is fair and reasonable. Therefore, the creditors' claim, in the amount of $1,100 will be allowed. The creditors also claim interest on the amount of their claim. However, it appears that the estate is insolvent. Under these circumstances, the claim for interest must be denied: Moreland Estate, 349 Pa. 374 (1944); Partridge-Remick Pa. O. C. Practice, Vol. 2, p. 283, §16.01 (c)(2).

The executor's claim for "personal loans" by him to the estate must be denied. As a claimant, the burden was upon him to prove his claim by competent evidence: Murray Estate, 57 Lanc. 221 (1960). Where, as here, a fiduciary claims credit for disbursements that he has made, the burden rests upon him to justify such disbursements: Strickler Estate, 354 Pa. 276 (1946). This is particularly true where the disbursement is to the accountant or the fiduciary himself for a claim he has asserted against his decedent. In Partridge-Remick Pa. O. C. Practice, Vol. 3, p. 204, §25.03(a), the authors say:

"If the interests of the personal representative conflict with those of the estate, for instance, he must adopt the course that will benefit the estate, and where an administrator is a creditor of his decedent, he may not compromise and pay his own claim over the objections of interested parties; he must submit his claim to proof and examination at the audit."

Here, the executor has failed to meet his burden to prove his claim and to justify the disbursement of $2,774.95 to himself. Therefore, his claim will be denied.

Moreover, even if the executor's claim were to be allowed in its entirety, it is still clear that the payment to himself was improper and cannot be allowed. Section 622 of the Fiduciaries Act of 1949, 20 PS §320.622, provides that the funeral bill shall be a preferred claim as opposed to the executor's claim for a personal loan. The executor's claim is a general claim, even if allowed, and, therefore, must be subordinated to the creditors' preferred claim. Thus, the payment by the executor of his own claim, at the expense of the funeral bill, must be disallowed and he must be surcharged for such payment.

Finally, it appears that the executor has failed to pay the filing fee of $49.50 to the Register of Wills for filing his "account". Such charge is likewise entitled to priority over the executor's "claim".

For these reasons, we make the following

### ORDER

Now, December 4, 1974, the executor's request for a continuance is denied. The claim of Thomas J. Fitzgerald and John J. Syka, a partnership, doing business as Fitzgerald and Syka, is allowed in the amount of $1,100. The claim of the executor, Walter R. Mickey, in the amount of $6,120 is denied in its entirety. The credit of $2,774.95 taken by the executor, Walter R. Mickey, in his "account" is disallowed. The executor, Walter R. Mickey, is surcharged in the amount of $2,774.95. The executor, Walter R. Mickey, is hereby ordered and directed to pay the sum of $1,100 to the claimants, Thomas J. Fitzgerald and John J. Syka, a partnership, doing business as Fitzgerald and Syka, and the further sum of $49.50 to the Register of Wills

of Beaver County. Such payments, when made, shall be allowed as a credit against the surcharge. The executor, Walter R. Mickey, is further ordered and directed to restate his account in accordance with the applicable Orphans' Court rules.