JANUARY TERM, 1882, No. 287.          MARCH 4TH, 1882.

## Appeal of John Gravenstine, Administrator of Horace H. Walter, deceased.

1. A testatrix gave and devised the residue of her estate to her son, and directed that if he should die before attaining the age of twenty-one years, the principal should go to her nearest relatives. The son died a minor, and his guardian, who, by decree of the Court, in the settlement of her estate, had obtained possession of the bequest, filed an account. *Held*, that the administrator of the minor claiming the fund by virtue of an alleged gift from the testatrix to the minor during her lifetime, had no standing in the Orphans' Court, or in the Supreme Court on appeal.

2. His claim was adverse to the estate in settlement, and his remedy was elsewhere.

Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Appeal of John Gravenstine, administrator of the estate of Horace H. Walter, deceased, from the decree of the Orphans' Court of *Berks County*, dismissing exceptions to the auditor's report, upon the account of Joseph M. Feger, guardian of the said Horace H. Walter.

Horace H. Walter died in 1879, aged about nineteen years. His testamentary guardian, Joseph M. Feger, then filed his account, charging himself with, *inter alia*, a certificate for $3000 in the loan of the city of Philadelphia. The account was referred to Jefferson Snyder, as auditor, before whom the amount of the city loan was claimed by John Gravenstine, administrator of the decedent, and by the legatees under the will of Frances E. Walter. The auditor found the facts in regard to this loan as follows:

" On August 2d, 1865, Mrs. Fanny E. Walter, the mother of Horace H. Walter, was the owner of $4000 Philadelphia City loan, which she had received from her father's estate, and which stood in her maiden name (Housum), on the city's books. On that day she transferred $3000 of this loan to the name of ' Fanny E. Housum, trustee of Horace H. Walter,' and received a new certificate in that form. There is no other written evidence of the character or terms of the trust thus proposed to be created. Her further intention, however, appears from the testimony of her mother, whom she consulted at the time of the transfer, in reference to it, and who says that Mrs. Walter, being apprehensive lest her husband, Thomas L. Walter, who was not living with her, might enforce his marital rights to her estate after her death, made this transfer for the purpose of certainly securing this fund

to her son; but with the view of having it continue subject to her disposal in case of his death, so that her husband could not inherit it from him, she transferred it to herself as trustee for him, instead of placing it simply in his name as absolute owner. It does not appear that Horace ever knew of the transfer during Mrs. Walter's lifetime, or that she ever specifically appropriated to his use the interest on the loan, which she regularly received till her death. Mrs. Walter afterwards died during the minority of Horace, leaving a will, in which she bequeathed, after providing for the payment of her debts, as follows:

" ' *Item.*—The residue of my estate I give and devise to my son, Horace H. Walter. If he should die before attaining the age of twenty-one years, then the principal hereby devised, or so much thereof as may be left after maintaining him and giving him a good education, shall go to my nearest relatives, excluding my husband, Thomas.

" ' *Item.*—I appoint Joseph M. Feger to be the guardian of the person and estate of my son, Horace. '

" On the settlement of the account of her executor, the auditor determined that her husband had forfeited his marital rights by desertion, and her whole estate, including the $3000 loan, was turned over to the guardian of Horace, by decree of the Court, pursuant to the directions contained in her will.

" There is no contention as to the balance of her estate, which, it is conceded, passed, by her will, on the death of Horace under twenty-one, to her nearest relatives, Abbie C. Housum, and Mary L. Van Reed, who were her half sisters."

The auditor found that under this state of facts, the gift to Horace was not completed, that the bonds were the property of Mrs. Walter at the time of her death, and passed, under her will, to her legatees. He made distribution, awarding the same to Abbie C. Housum and Mary L. Van Reed.

The administrator filed an exception, *inter alia,* to this distribution, which the Court, SASSAMAN, J., dismissed.

The administrator then appealed, assigning as error, *inter alia,* that the Court erred in dismissing the exceptions, and confirming the report.

*W. P. Bard* and *A. Sydney Biddle,* for the appellant.

*Isaac Hiester,* for the appellees.

The administrator of Horace H. Walter could not claim any part of the estate adversely to the testatrix, in this

[The Junior Steam Fire Engine Company of Reading *v.* Douglas *et al.*]

forum: McBride's Appeal, 22 P. F. Smith, 480; Braman's Appeal, 8 Norris, 78.

His alleged rights can only be considered in the Common Pleas.

MARCH 13TH, 1882.—PER CURIAM: The appellant had no standing in the Court below, nor has he any better standing in this Court. His claim was adverse to the estate in settlement, and his remedy was elsewhere. The best thing we can do for him is to quash his appeal.

Appeal quashed.