## George T. Gravenstine, Plff. in Err., v. Joseph M. Feger.

Where an appeal was dismissed upon the ground that appellant had no standing in the case, and he brought another suit involving the same subject-matter in which his rights were held to be concluded by the former decree, a reargument may be ordered of both decrees, their effect being to deny him a hearing.

(Decided March 15, 1886.)

Error to the Common Pleas, No. 3, of Philadelphia County to review a judgment for defendant in an action of replevin. Reargument ordered.

This action was brought by George T. Gravenstine, the administrator of Horace H. Walter, against Horace's former guardian, Joseph M. Feger, to recover a certificate of $3,000 which had been placed in the guardian's hands in trust for Horace. In 1879 Horace had died a minor, and Feger filed his account as guardian. At the audit Gravenstine appeared and claimed the certificate. The claim was disallowed, and, Gravenstine having appealed to the supreme court, his appeal was dismissed, upon the ground that he had no standing in that action. He thereupon brought the present action.

The pleas were: property, and *res judicata* by reason of the proceedings in the orphans' court of Berks county; the replication traversed the pleas of property and denied the jurisdiction of the orphans' court of Berks county in the proceedings pleaded; rejoinder and issue. The court below directed the jury to find a verdict for the defendant upon the ground that the matter was *res judicata* because of the proceedings in the orphans' court; and plaintiff appealed.

*J. Rodman Paul* and *A. Sydney Biddle* for plaintiff in error.

*Isaac Hiester* and *Crawford & Dallas* for defendant in error.

OPINION BY MR. JUSTICE PAXSON:

Whatever view we may take of the rulings of the court below, we are not satisfied with the result. If we affirm this judgment, the plaintiff will practically have been denied a hearing. When he appealed from the decree of the orphans' court of Berks county, it was held that he had no standing, and his appeal was

dismissed upon that ground. See Gravenstine's Appeal, 2 Pennyp. 61.

Now the court below decides, in the action of replevin which he brought for the certificate in question, that he is concluded by the decree in Berks county. Fortunately, the certificate is still in the hands of Feger, the guardian, where it will remain until the controversy is decided.

In order that the whole question may be considered together, we now order a reargument of both Gravenstine's Appeal and of the case in hand. The particular point in Gravenstine's Appeal to which we wish to call attention upon the reargument is the standing of the appellant in that case. It was assumed that Feger was a testamentary trustee and not a guardian, and that the estate for distribution was not that of the minor, but of his mother; and that the alleged guardian was claiming adversely to her estate.

These are matters as to which we desire a further argument and a fuller presentation of the facts, and to that end we now order a writ of certiorari to issue in Gravenstine's Appeal to bring up the record in that case.