## Assistance to Persons in Institutions

RUTHERFORD, Deputy Attorney General, March 13, 1946.—This department is in receipt of your communications requesting advice on the responsibility of the Department of Public Assistance to grant assistance to indigent persons requiring institutional care because of "physical or mental infirmity".

Section 1 of the Public Assistance Law of June 24, 1937, P. L. 2051, as amended, 62 PS §2501, declares the legislative intent and purpose of the act as follows:

"This act shall be known, and may be cited, as the 'Public Assistance Law'.

"It is hereby declared to be the legislative intent that the purpose of this act is to promote the welfare and happiness of all the people of the Commonwealth, by providing public assistance to all of its needy and distressed; that assistance shall be administered promptly and humanely with due regard for the preservation of family life, and without discrimination on account of race, religion or political affiliation; and that assistance shall be administered in such a way and manner as to encourage self-respect, self-dependency and the desire to be a good citizen and useful to society."

Section 2 of the Public Assistance Law, as amended, supra, 62 PS §2502, defines "assistance" as follows:

" 'Assistance' means assistance in money, goods, shelter, medical care, work relief or services, provided from or with State or Federal funds, for indigent persons who reside in Pennsylvania and need assistance *to enable them to maintain for themselves and their dependents a decent and healthful standard of living*, and for indigent homeless or transient persons. . . ." (Italics supplied.)

Section 9 of the Public Assistance Law, as amended, supra, 62 PS §2509, provides for eligibility for assistance, as follows:

"Except as hereinafter specifically otherwise provided in the case of pensions for the blind, all persons of the following classes, except those who hereafter advocate and actively participate by an overt act or acts in a movement proposing a change in the form of government of the United States by means not provided for in the Constitution of the United States, shall be eligible to receive assistance, *in accordance with rules, regulations and standards established by the Department of Public Assistance, with the approval of the State Board of Assistance, as to eligibility for assistance, and as to its nature and extent:*

"(*a*) Dependent Children. A dependent child is defined as any needy child under the age of sixteen or under the age of eighteen if found to be regularly attending school who (1) . . .

"(*b*) Aged Persons. An aged person is defined as one who (1) is seventy years of age, or more, or who, after December thirty-first, one thousand nine hundred thirty-nine, is sixty-five years of age, or more, (2) . . . (3) *is not, at the time of receiving assistance, an inmate of a public institution,* and (4) . . .

"(*c*) Blind Persons. A blind person is defined as one who (1) is twenty-one years of age, or more, (2) . . . (4) is not receiving assistance as an aged person during the period for which he is receiving assistance as a blind person, (5) *is not, at the date of making*

*application, an inmate of any prison, jail, insane asylum, or any other public reform or correctional institution* . . .

"(d) Other persons who are citizens of the United States and who have a settlement in Pennsylvania, and all aliens who have within two years previous to the first day of January, one thousand nine hundred and forty, filed their declaration of intention to become a citizen, and who have a legal settlement in Pennsylvania, and need assistance to enable them to maintain for themselves and their dependents a decent and healthful standard of living, *and who do not require institutional care because of physical or mental infirmity.*

"(e) Any person within any group, defined in this section, who has a quasi-settlement in this Commonwealth, until he is removed to his place of legal settlement." (Italics supplied.)

Section 401(a) of the County Institution District Law of June 24, 1937, P. L. 2017, 62 PS §2301, defines the powers and duties of a county institution district as to care of dependents, as follows:

"The local authorities shall have the power, and it shall be their duty with funds of the institution district or of the city, according to rules, regulations, and standards established by the State Department of Welfare—

"(a) To care for any dependent, having a settlement in the county or city, *who is not otherwise cared for;*" (Italics supplied).

Dependents are defined in section 102, 62 PS §2202, as follows:

" 'Dependent' means an indigent person requiring public care because of physical or mental infirmity."

The responsibility of the Commonwealth of Pennsylvania, Department of Public Assistance, and of the county institution districts for the care of the needy is thus fixed by statute.

Indigent persons in Pennsylvania were formerly the responsibility of local authorities. By a series of legislative enactments, responsibility for certain categories of the needy was placed on the Commonwealth. For example, the mothers' assistance program was set up by the Act of April 29, 1913, P. L. 118, and the Act of July 10, 1919, P. L. 893; old-age assistance program by the Act of January 18, 1934, P. L. 282, and the Act of June 25, 1936, P. L. 28; the blind pension program by the Act of January 17, 1934, P. L. 246, and the Act of July 9, 1935, P. L. 621; and the unemployment relief program by the Act of August 19, 1932, P. L. 88, creating the State Emergency Relief Board. See Poor District Case (No. 1), 329 Pa. 390, 395, footnote quoting Goodrich Report, December 15, 1936, pp. 99, 100.

A series of five acts passed in 1937, including the County Institution District Law, supra, and the Public Assistance Law, supra, made comprehensive changes in the legislation theretofore providing for the care and maintenance of indigent persons; the power to make the change was sustained in Poor District Cases (No. 1 and No. 2), 329 Pa. 390 and 410.

By the Public Assistance Law, supra, the above recited four programs, namely, aid to dependent children, old-age assistance, blind pension and unemployment relief, were unified, simplified and consolidated into one system, to be administered by the Department of Public Assistance. See the Act of June 24, 1937, P. L. 2003, 71 PS §§664-666.

The Department of Public Assistance was given full responsibility to provide for outdoor or noninstitutional relief, including unemployables. However, from the above recited sections 1 and 2 the legislative intent is obviously limited to those needy persons who can maintain for themselves and their dependents a decent and healthful standard of living and was never intended to cover grants to those persons who could not maintain such standard of living. This intent is manifest by the

express provisions of section 9(*b*) that aged persons who are inmates of public institutions are disqualified and further that "other persons", that is those who receive general assistance, are ineligible if they require institutional care because of physical or mental infirmity. This leaves only dependent children and blind persons. Though there is no express prohibition in the law regarding these two categories, the legislative intent as set forth in section 1 of the Public Assistance Law, supra, and the definition of "assistance" in section 2 show without doubt an intention to grant public assistance only to those needy persons who can care for themselves, and it is not a proper function of your department to make grants of assistance to persons requiring institutional care by reason of physical or mental incapacity.

See section 51 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §551, as follows:

"The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the Legislature. Every law shall be construed, if possible, to give effect to all its provisions."

Moreover, if public assistance were afforded in such cases, the whole purpose of the Public Assistance Law to give assistance only to those who are able to care for themselves, that is outdoor relief, would be negatived and the presumption that the legislature does not intend a result that is absurd, impossible of execution or unreasonable would be rebutted. See section 52 of the Statutory Construction Act, supra, 46 PS §552; McGregor Estate, to use, v. Young Township, 350 Pa. 93 (1944); Brown's Case, 151 Pa. Superior Ct. 522, affirmed in 347 Pa. 418 (1943); Cammie v. I. T. E. Circuit Breaker Co., 151 Pa. Superior Ct. 246, 253 (1943).

Moreover, the Act of September 29, 1938 (sp. sess.), P. L. 53, as reënacted and amended by the Act of May 19, 1943, P. L. 262, 50 PS §1051, and further amended

by the Act of May 25, 1945, P. L. 1074, provided for the transfer to the Commonwealth of institutions for the care, maintenance and treatment of mental patients, and also provided for the management and operation of these mental institutions and the care, maintenance and treatment of mental patients therein by the Department of Welfare. These acts vested in the Commonwealth title to and the right to operate all property theretofore used by counties, cities or institution districts. The acts were sustained as constitutional in Chester County Institution District et al. v. Commonwealth et al., 341 Pa. 49 (1941), and Lawler v. Commonwealth, 347 Pa. 568 (1943). The Department of Public Assistance has no responsibility for mental patients, that is the mentally ill, mentally defectives, epileptics, or inebriates, as under the above Act of September 29, 1938 (sp. sess.), P. L. 53, as reenacted and amended, supra; and under the above section 401(a) of the County Institution District Law, supra, the mentally incapacitated if and when committed in the manner provided by law are the responsibility of the Department of Welfare of the Commonwealth of Pennsylvania, otherwise of the institution districts.

Nor does section 4(k) of the Public Assistance Law, as amended by the Act of May 21, 1943, P. L. 434, 62 PS §2504, which empowers the Department of Public Assistance, with the approval of the State Board of Public Assistance, to provide for special needs of individuals eligible for assistance, enlarge the scope of your authority. This amendment merely provides for certain special needs for applicants in their own homes, such as special diets for the tubercular, hearing devices, etc. However, eligibility standards, together with the provision that applicants be able to maintain for themselves and their dependents a decent and healthful standard of living as defined by rules and regulations of the State Board of Public Assistance, must be adhered to.

We are of the opinion, therefore, and you are advised, that the Department of Public Assistance, under sections 1 and 2 of the Public Assistance Law of June 24, 1937, P. L. 2051, 62 PS §§2501 and 2502, may legally grant public assistance to eligible persons who are able to maintain for themselves and their dependents, with the assistance granted, a decent and healthful standard of living in accordance with rules, regulations and standards established by the Department of Public Assistance, with the approval of the State Board of Public Assistance, as to eligibility for assistance and as to its nature and extent, as provided for in section 9 of the Public Assistance Law. It is not, however, a proper function of the Department of Public Assistance to make grants of assistance to persons who require institutional care because of physical or mental infirmity and who are unable to maintain for themselves and their dependents a decent and healthful standard of living as required by the Public Assistance Law, supra.