655 A.2d 1011

Susan H. KOCH and William C. Koch, H/W, Appellants,

v.

James HARSHAW, Sr., and Mary Harshaw, H/W, and James Harshaw, Jr., and Lillian Harshaw, H/W.

Superior Court of Pennsylvania.

Argued Oct. 5, 1994.

Filed March 14, 1995.

Mark Pinnie, Media, for appellants.

Thomas S. Myers, Jr., Paoli, for appellees.

Before ROWLEY, Presiding Judge, and KELLY and CERCONE, JJ.

ROWLEY, Presiding Judge:

In this appeal, we are required to consider the consequences which result when statements contained in the text of the opinion or memorandum that accompany a mandate of this Court appear to conflict with the mandate. The trial court determined that it was required to follow the mandate and, as a result, entered judgment in favor of appellees James Harshaw, Sr. and Mary Harshaw, husband and wife, and James Harshaw, Jr. and Lillian Harshaw, husband and wife. Appellants, Susan Koch and William Koch, request that we reverse the trial court's order and remand for a determination of the

amount of damages claimed to be due them.[1]  We decline to do so.

The underlying facts of this case were set forth in this Court's unpublished memorandum which addressed the merits of the appeal taken by the four Harshaws after the trial court entered judgment in favor of the Koches:

> This case involves an agreement of sale for a property located at 3400 Horton Road in Newtown, Delaware County, Pennsylvania [hereinafter "property"].  The property was owned by appellants, James Harshaw, Sr. and Mary Harshaw [hereinafter "Harshaws Sr."].  In the early 1980's, the Harshaws Sr. permanently relocated to Florida and sought to sell the property.  Toward this end, an agreement was entered into between the Harshaws Sr. and their daughter and son-in-law, appellees Susan and William Koch [hereinafter "Koches"], on January 10, 1981.  The total sale price was $125,000.00.  The agreement provided for an initial payment of $8,500.00 and an additional payment of $16,-500.00 one year later.  The remaining $100,000.00 was to be paid at settlement, which would occur when Koches were able to finance the remaining balance due under the agreement.
>
> Koches made the initial payment of $8,500.00, but never made the payment of $16,500.00.  Koches regularly made payments of $850.00 per month under the agreement, until August of 1986.  On September 8, 1986, Harshaws Sr. sent a letter through counsel declaring Koches in default under the agreement of sale due to the failure to make the August payment.  The property was eventually sold by Harshaws Sr. to appellants, James Harshaw, Jr. and Lillian Harshaw [hereinafter "Harshaws Jr."], for $125,000.00.

*Koch v. Harshaw*, 425 Pa.Super. 636, 619 A.2d 794, slip op. at 1–2 (1992) (footnotes omitted).  After considering and discuss-

---

1.  Susan and William Koch were married at the commencement of this case, but they subsequently divorced.  Susan Koch attempted to withdraw from the case prior to trial.  However, the trial court denied her request.

ing the issues raised by the Harshaws, this Court concluded with the following mandate:

> Since we find no basis for granting appellees relief on their equity complaint, we reverse the order of the trial court and remand with *direction that judgment be entered in favor of Harshaws Sr. and Harshaws Jr.*
>
> Order [denying post-trial motions] reversed.

*Id.* at 12 (emphasis added). The Koches' request for reargument or for clarification was denied, as was their request for allowance of appeal to the Supreme Court.

■ Upon remand of the case to the trial court, the Koches, notwithstanding the clear direction that judgment be entered in favor of the Harshaws, filed a petition to confirm judgment in their favor in the trial court. After the trial court denied their petition, the Koches filed this appeal. The Koches contend that statements in this Court's prior memorandum that accompanied the foregoing mandate reveal that the Court "intended" that the Koches receive damages, only in a different amount than that originally awarded by the trial court.[2] The Koches, although recognizing that this Court directed that judgment be entered in favor of the Harshaws, assert that this Court merely neglected to also "specific[ally] remand" for a finding of damages due the Koches. The Koches further assert, without citation to any authority, "It is the understanding of counsel that this court may overturn a trial court's decision relative to the issue of damages without specific direction for remand, leaving it as the obligation of the collecting party in the court below to file for confirmation of entry of judgment." Brief of Appellants at 10.

■ The earlier mandate of this Court, as set forth above, is unambiguous and clearly states, without qualification, that judgment be entered in favor of the Harshaws. "Where the direction contained in the mandate of the appellate court is

2. The discussions relied upon by the Koches in support of their assertion that the Court intended that they receive damages only relate to the Harshaws Sr. The Koches do not allege any ambiguity in this Court's determination that the trial court should have granted a non-suit in favor of the Harshaws Jr.

precise and unambiguous, it is the duty of the trial court to carry it into execution without looking elsewhere for authority to change its meaning or direction...." 2 P.L.E. *Appeals* § 519 (1957) (footnote omitted). Under the law of the case doctrine, the trial court must, as it did, strictly comply with that mandate. *Syno v. Syno,* 406 Pa.Super. 218, 229, 594 A.2d 307, 313 (1991). *Roskwitalski v. Reiss,* 338 Pa.Super. 85, 90, 487 A.2d 864, 867 (1985), *appeal denied,* 514 Pa. 619, 521 A.2d 933 (1987). The trial court cannot modify, alter, amend, set aside or in any way disturb or depart from this Court's judgment. *Albright v. Wella Corp.,* 240 Pa.Super. 563, 567, 359 A.2d 460, 462 (1976); *Blymiller v. Baccanti,* 236 Pa.Super. 211, 213, 344 A.2d 680, 681 (1975). Because our mandate was clear and definitive in and of itself, the trial court was not required to interpret the views expressed in our memorandum. *Cf. Commonwealth v. Tick, Inc.,* 431 Pa. 420, 425, 246 A.2d 424, 426 (1968) (trial court's compliance with mandate to enter an "appropriate decree" required court to proceed in a manner consistent with views expressed in Supreme Court opinion and in accordance with the terms of the applicable statute). The trial court properly followed our earlier mandate by entering judgment in favor of the Harshaws.

The Koches urge, in effect, that the Court's mandate, although unequivocally stating that judgment should be entered in favor of the Harshaws, should be read as, "Judgment to be entered in favor of defendants, *except to the extent that damages are due to plaintiffs.*" That we cannot do. When damages are due to a plaintiff, judgment is entered in favor of that plaintiff. On the other hand, judgment is entered in favor of a defendant when the plaintiff is not entitled to damages. A reading of the Court's mandate reveals that the Court did not intend that damages, in any amount, be awarded to the Koches. Furthermore, a reading of both memoranda from the prior appeal, that is, the majority decision and Judge Johnson's concurrence, reveals that the Court unequivocally intended that judgment be entered in favor of the Harshaws.

Although not on point, the Supreme Court's decision in *Murosky v. Spaulding,* 402 Pa. 86, 166 A.2d 34 (1960), pro-

vides guidance to us in this case. In that case, the plaintiff initially filed an appeal to this Court, asserting that the amount of the verdict awarded to him by the jury was inadequate. In its opinion, the Superior Court stated that "there could be little doubt as to the negligence of the defendants." However, in its order reversing the trial court's denial of a new trial, the Superior Court granted a new trial generally rather than a new trial limited to the issue of damages. At that trial, a verdict in favor of the defendants was rendered. The trial court granted the plaintiff's motion for a new trial on the basis that the verdict in the second trial conflicted with the verdict in the first trial and the Superior Court's decision. The Supreme Court reversed, declaring that the Superior Court's statement that there could be little doubt as to the defendants' negligence was not intended to render the question of the defendants' liability res judicata. To conclude otherwise, according to the Supreme Court, would produce an unprecedented result, that is, "the Superior Court mandate of a new trial generally did not mean what it said[.]" *Id.* at 93, 166 A.2d at 38.

Similarly, in the present case, the Koches in essence argue that the Superior Court's mandate that judgment be entered in favor of the Harshaws did not mean what it said. That argument, as the Supreme Court stated, is unprecedented.

■ Because our mandate is definitive, the Koches are effectively asking us to review our prior opinion. The Harshaws, in opposition to that request, cite *In re Estate of Girard*, 423 Pa. 297, 224 A.2d 761 (1966), wherein Justice Jones, in a concurring opinion, stated that the petitioners in that case inappropriately sought clarification of opinions of the Supreme Court rather than the accompanying orders. However, the Supreme Court in *Lawler v. Commonwealth*, 347 Pa. 568, 33 A.2d 432 (1943), utilized language which implies that a party can properly seek clarification of a court's opinion. After determining that the petitioners' improperly filed in the Court of Common Pleas a Bill of Review seeking clarification of an earlier Supreme Court decision, the Court stated, "[W]e nevertheless chose to disregard plaintiffs' procedural error

and to consider the bill as if it were a petition for clarification, which is the correct method of bringing to our attention a matter upon which our opinion supposedly lacks clarity." *Id.* 347 Pa. at 570, 33 A.2d at 433.

■ It appears, therefore, that a party can properly seek clarification of an opinion of this Court. However, it is inappropriate at this stage for the Koches to request a clarification of this Court's prior decision. *See* Brief of Appellants at 1 (characterizing this appeal from denial of their petition to confirm judgment as a *"de facto* request" for clarification of our prior decision). This Court denied the Koches' prior request for clarification of its decision, as well as their request for reargument. Because we have already denied the Koches' prior request for clarification, they are basically requesting that we now review our prior decision. We decline to do so for two reasons. First, it has been held that "an objection based on the opinion of an intermediate appellate court will not be reviewed, since the reviewing court reviews only the judgment, not the opinion." *Kehl v. Abram,* 210 Ill. 218, 71 N.E. 347, 348 (1904).

■ Moreover, under the doctrine of the law of the case, it would be inappropriate for us to reconsider the merits of the issues raised in the first appeal. *See Tioga Coal Co. v. Supermarkets General Corp.,* 403 Pa.Super. 391, 589 A.2d 242 (1991), *appeal denied,* 529 Pa. 658, 604 A.2d 250 (1992).

Matters passed upon at a prior appeal will not be reconsidered on a second appeal: *Creachen v. Bromley Brothers Carpet Co.,* 214 Pa. 15, 63 A. 195. Where the record shows no question that was not decided on a former appeal, the second appeal will be dismissed on the ground of prior adjudication: *McMahon's Estate,* 215 Pa. 10, 64 A. 321. A former judgment puts an end to all further litigation on account of the same matter and becomes the law of the case which cannot be changed or altered: *Lafferty's Estate,* 230 Pa. 496, 79 A. 711. Points decided upon a first appeal will not be reconsidered on a second appeal: *Welker v. Hazen,* 247 Pa. 122, 93 A. 173. A previous decree affirmed on

appeal is conclusive: *Allen v. Pennypacker,* 302 Pa. 495, 153 A. 734. The appellate court in a new proceeding will not reexamine and reverse a decision in a prior proceeding in which the same parties, subject matter and issues were before it: *Girard Trust Co. v. Philadelphia,* 359 Pa. 319, 59 A.2d 124.

*Bonfitto v. Nationwide Mutual Insurance Co.,* 195 Pa.Super. 546, 550, 172 A.2d 176, 178 (1961), *aff'd,* 406 Pa. 184, 177 A.2d 453 (1962). The Koches cannot at this juncture seek either clarification of this Court's prior memorandum or a relitigation of the merits of the underlying case.

For the above reasons, we affirm the order denying the Koches' petition to confirm judgment.

Order affirmed.