# Meckel's Appeal.

1. Under the Act of October 13th, 1840, P. L., 1, a bill of review in the Orphans' Court, is a matter of right.

2. Where a proper case is set forth on the face of the petition, and the facts therein stated are verified by affidavit, it is the duty of the Orphans' Court to grant a review, unless the case falls within the proviso appended to said Act.

April 12th, 1886.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

APPEAL from the Orphans' Court of *Luzerne county :*   Of January Term, 1886, No. 28.

Appeal of the widow and heirs of August Stiebens, deceased, from a decree of said court discharging a rule to show cause why the audit of the account of the administrator of the said August Stiebens should not be opened.

On November 29th, 1884, the final account of J. W. Eno,

administrator of the estate of August Stiebens, was confirmed showing a balance of $649.13 for distribution.

On March 10th, 1885, the estate was audited by the court, RHONE, P. J.

The following is the adjudication:

The audit in this case came on to be heard in pursuance of due legal notice, and from the evidence adduced, we find the following matters of fact:—

1. That the decedent died on or about April 2, A. D., one thousand eight hundred and eighty-three, intestate, leaving to survive him a widow and children, viz.: Caroline Wilhelmine Stiebens, the widow; Franz Herman Stiebens, a son; Carl Ferdinand Stiebens, and a daughter, Augusta Batcher, *née* Stiebens, all residents of Prussia, having for their attorney in fact, Rev. S. C. Meckel, of Plymouth, Luzerne county, Pennsylvania.

The fund for distribution, arose from personal estate, and amounts to the sum of six hundred and forty-nine $\frac{13}{100}$ dollars.

2. The following bills were presented at the hearing:

| | |
|---|---:|
| Mrs. Milton Charles, claim for board and lodging, | $246.00 |
| Money loaned, February, 1881, . . . . | 35.00 |
| Miscellaneous items, .　- .　.　.　. | 15.25 |
| Total, . . . . . . . | $296.25 |

This claim is allowed at three hundred and six dollars, including all interest.

We find as a matter of law that after deducting costs and the above claim, the balance should be distributed to the heirs of decedent under the Intestate Laws.

Exceptions were filed to that adjudication, which were dismissed.

After the audit was closed the widow and heirs presented their petition praying for a review to permit them to contest the claims of Mrs. Charles. A rule was granted them and evidence taken by them to sustain it, from which the following facts appear:

August Stiebens was a native of Prussia, without relatives or family in America, and was a common day laborer, residing at Plymouth, Pa. He worked in the mines. In September, 1879, he obtained lodging at the hotel of Mrs. Charles, but buying for himself and eating in his room most of the time. In April, 1881, he left her house and lodged elsewhere, until his death, April 2, 1883. After his death it was discovered that he had left the sum of $800. It was supposed that he had died without kindred. At the audit, Mrs. Charles, who was the only claimant, presented a claim of $296.25 for board and lodging of decedent, during the entire period, one year and

seven months of his sojourn at her house.. For aught that the evidence showed, she allowed him to leave her, without any suggestion of indebtedness or request to pay; and during the two years, which elapsed before his death, she made no effort, by demand, suit, or otherwise. to collect her claim.

After the death of Stiebens, Mrs. Charles brought suit against his estate, for board and lodging, before an alderman, and obtained judgment for $296.25. The administrator appealed from this judgment, which appeal is pending in the Common Pleas.

The court discharged the rule to grant a review, filing the following opinion August 31st, 1885.

This rule is discharged for the reason that the testimony which has been produced against the claim of Mrs. Charles is of such a negative and transitory character, that it does not convince us that her claim is not a just one and under all the circumstances we are satisfied that the sum of $306.00 including all interest is a reasonable allowance.

The costs of this proceeding to be paid by the estate.

The petitioners thereupon took this appeal, assigning for error, *inter alia*, the decree of the court denying a review.

*Gustav Hahn* (*H. A. Fuller* with him), for appellants.

There is not one syllable of direct evidence that August Stiebens at the time of his death owed Mrs. Charles a penny. The inference of indebtedness from mere proof that he lived at her house is smothered by extreme improbability. It is so improbable as to be simply incredible, that Mrs. Charles should have allowed this man, a common day laborer earning enough for his support and having no claim whatever upon her charity or hospitality, to board and lodge with her for nineteen months without payment of one cent on account, to leave her house at the end of that period without being requested to pay; and then should have suffered two years to elapse, without the slightest effort to collect by demand or otherwise.

The presumption is against the validity of such a claim, and it is the duty of the court to afford every opportunity provided by law to contest it: McConnell's Appeal, 1 Out., 31; Estate of Larkins, 42 Leg. Int., 446; Dunwoody's Estate, 39 Leg. Int., 416; Pickens' Estate, 14 W. N., C. 407.

*T. R. Martin* for appellee.

The complaints of the appellants relate entirely to the findings of fact by the Orphans' Court.

Matters of fact settled and decided by the Orphans' Court will not be re-examined in the Supreme Court, unless in a very flagrant case: Ake's Appeal, 9 Harris, 320; Thomas v. Thomas, 9 Id., 315; McConnell's Appeal, 1 Out., 407.

Mr. Justice GORDON delivered the opinion of the court, May 10th, 1886.

It was said in Kinter's Appeal, 12 P. F. S., 318, that the first section of the act of the 13th of October, 1840, was designed to make a bill of review in the Orphans' Court a matter of right, and at the same time prescribe a limitation of time to the exercise of the power. All this, however, is obvious enough from the reading of the Act itself, and where a proper case is set forth on the face of the petition, and the facts therein stated are verified by affidavit, it is the duty of the court to grant a rehearing, unless the case falls within the proviso appended to the said act. As no exception to the regularity of the proceedings appears to have been taken in the court below, we cannot see why a review was not granted. There is certainly a very good reason why the widow and heirs should have an opportunity of contesting the account. They are foreigners, and knew not of the settlement of that account. Besides this, the item which gave rise to the application for a rehearing, the bill of the appellee, seems to us of so doubtful a character as to require a scrutiny far more accurate and searching than it has yet received. It is idle for the counsel of Mrs. Charles to allege that she was entertaining Stiebens as an object of charity from whom she could expect no compensation; for, from the evidence, it is obvious that he was a steady, industrious and economical man, able and willing to pay for what he got, and that she should allow so large a bill to accumulate, without even a demand for settlement, has a very suspicious look. That he did work for her, and that to an amount sufficient, if the evidence is believed, to pay for his boarding, such as it was, can hardly be doubted. Moreover, she brought suit for this very bill, and chose to drop it after it reached the Common Pleas on an appeal, thinking, perhaps, that it would pass the scrutiny of the Orphans' Court more easily than that of a jury. However this may be, and we are not to be understood as passing judgment on her claim, the transaction has such a doubtful and trumped-up appearance that, even were the review not of right, we would feel ourselves constrained to order it.

Ordered, That the decree of the Orphans' Court be reversed at the costs of the appellee; that the confirmation of the account of the administrator of the estate of August Stiebens be opened, so far as the bill of the appellee against the said decedent is concerned, and that the said Orphans' Court proceed to rehear the same.