## Graham's Estate.

Argued December 1, 1930. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

*J. H. Shoemaker,* for appellant.

*Charles Myers,* of *Barnes, Biddle & Myers,* for appellee, was not heard.

PER CURIAM, January 5, 1931:

The Philadelphia Trust Company was trustee of the estate of John S. Graham, deceased. Among the assets of the estate were 100 shares of stock of the trustee corporation. As a result of merger with another company under the name of the Fidelity-Philadelphia Trust Company, a fifty per cent stock dividend was declared, and 150 shares of the new company were issued to the Graham Estate. On an account filed by the trustee, the court held the extra fifty shares were extraordinary stock dividends distributable as income as of the time the dividend was declared.

Henrietta H. Dunne, one of the beneficiaries under the will of John S. Graham, died before the stock dividend was declared. John S. Graham Dunne, the present appellant, being interested under the will of Henrietta H. Dunne, contended that, as the dividends were declared from profits earned during her lifetime, her estate was entitled to the share she would have received, if living. The auditing judge refused this contention, stating that it did not appear whether the dividends or any portion of them were earned in the lifetime of Henrietta H. Dunne, but holding that it was immaterial when the dividends were earned, so long as it was later than testator's death, and awarded them to the beneficiaries entitled to the income at the time the dividends were declared, to the exclusion of appellant. Exceptions were filed by appellant, among them one to the effect that the auditing judge erred in finding it did not appear whether the undivided profits were earned in the lifetime of Henrietta H. Dunne. The court in banc dismissed the exceptions, saying the question whether the profits were earned in the lifetime of Henrietta H. Dunne was immaterial in view of the finding that she was entitled to no part of the dividend,

irrespective of when earned. The decree was affirmed by this court on appeal, without passing on the question (296 Pa. 436). This court stated, however, in the course of the opinion, (pages 439-40), "there is no evidence to show earnings to the first life tenant's death, and the value for each share at that time is not stated. It was thus found by the court below: 'It does not appear whether any of these undivided profits were earned in the lifetime of the first beneficiary.' The stipulation of facts throws no light on the question and we cannot reason it from the trial balance submitted."

A motion for reargument was refused. After the record was returned to the lower court, appellant filed a petition in that court for review which petition was dismissed on the ground that the issue had been raised, contested and decided and exceptions thereto dismissed and the decree affirmed by this court, and it could not be retried under a bill of review. From this decree the present appeal is taken.

The extracts above quoted from the opinion of the auditing judge and of this court indicate that both courts were of the opinion that the evidence in the record was insufficient to show at what time the profits were earned. To this extent there was an affirmative adjudication of the question raised by appellant in his petition for review. We find no request in the petition for leave to submit further evidence, the sole basis being the assertion, supported by various averments, that it appeared from the evidence in the record that the stock dividend was in fact earned during the lifetime of Henrietta H. Dunne. We are now asked to order a review of the same record to pass upon a fact which both this court and the court below have already determined does not appear therein, and to revise our conclusions of law accordingly. The case is a proper one for the application of the rule stated in Bailey's Est., 291 Pa. 421, 425, to the effect that, where issues have been decided by the lower court and

affirmed on appeal, the same questions cannot be again raised by a bill of review in that court.

The decree of the court below is affirmed at appellant's costs.