Estate of Josephine Lockhart, Deceased.

Argued October 10, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*John G. Kaufman,* and with him *Albert T. Bauerle,* for appellant.

*Theodore F. Jenkins,* for appellee.

Per Curiam, December 16, 1933:
The question before us arises under the will of Josephine Lockhart. In Lockhart's Estate, 306 Pa.

394, 159 A. 874, the same will was under consideration and the Supreme Court stated: "under its terms life interests were given to Wilmer Gardner Crowell, of two-thirds of the income, and after his death to his son William, and one-third of the income to all and severally the issue of Wilmer, to be equally divided between them as a class, subject to be decreased by the exclusion of William therefrom upon the death of Wilmer and the former inheriting his father's share."

The Supreme Court held that the bequest to a class "all the members of which might not come into being and thus be ascertained in order to take vested interests within the period fixed by the rule" was void. After further discussion, the Supreme Court said:

"All these decisions lead us to conclude that the invalid disposition of the one-third of the income does not affect the gift of life interests to Wilmer and his son William (Whitman's Est., 248 Pa. 285) and that during their lives the whole estate must be retained in trust for the payment of their shares of income. As to the other third of the income, there is an intestacy, and it is payable during the lives of Wilmer and his son William to the next of kin of the testatrix: Feeney's Est., 293 Pa. 273."

A petition for reargument was presented to the Supreme Court and refused without opinion filed. The lower court, in the present case, followed the course indicated by the Supreme Court.

The plaintiff representing the estate of William A. Lockhart, a deceased brother of the testator, contends:

"The proposed distribution is objected to as not properly involved in the interpretation of the Supreme Court decision and as in violation of the rights of the estate of William A. Lockhart, deceased, under the 14th amendment of the Constitution of the United States."

Judge GEST, the auditing judge, held that the petition presented by the present appellant amounted virtually to a request that he review, modify or reverse the decision of the Supreme Court. We think that this was the correct attitude for the lower court to assume. We quote from the opinion of Judge GEST:

"After full argument and consideration, the Supreme Court has stated the law on the subject and my only duty is to carry out what they have commanded. It is not for me to hold that our Supreme Court, in deciding the case as they did, deprived the petitioner of his rights under the fourteenth amendment of the Constitution of the United States, even if I were of that opinion. It may be noted that under the Orphans' Court Act of 1917, section 22 (b) the Supreme Court has the right, in cases of appeal from this court, to hear, try and determine the same as to right and justice may belong, and decree according to the equity thereof. If in their decision the Supreme Court has infringed upon the constitutional rights of the petitioner, his remedy is elsewhere." The court in banc took the same view.

The judgment is affirmed; the appellant to pay the costs.