343 A.2d 679

**In re ESTATE of Samuel R. BELL, Deceased.**

**Appeal of Edward A. BAXTER.**

Supreme Court of Pennsylvania.

Argued Jan. 13, 1975.

Decided July 7, 1975.

Rehearing Denied Sept. 16, 1975.

110

Joseph T. Labrum, Jr., Guy G. deFuria, Francis T. Sbandi, Fronefield, deFuria & Petrikin, Media, for appellant.

Stephen M. Feldman, Donald C. Cofsky, Feldman & Feldman, Philadelphia, for appellee, Ann Bell Shoustal (nee Ann Bell).

W. Donald Sparks, Eckell Sparks, Vadino, Auerbach & Monte, Media, for appellee as guardian and trustee ad litem.

Donald H. Pugh, Clarence D. Bell, Jr., Media, for appellees, trustees under the will of Samuel R. Bell.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

OPINION

JONES, Chief Justice.

This is the third of a trilogy of cases which attempt to relitigate the rights of adopted children to portions of trust funds, which rights had previously been adjudicated adversely to the adopted children by decisions of this Court.

Samuel Bell died on January 29, 1937, leaving his Last Will and Testament dated August 22, 1934. The pertinent sections of the will provided for identical trusts for each of his six children except that the three sons were to receive distribution of principal at age thirty-five while the daughters were to receive no distribution of principal. On the death of the life tenant daughters the principal was to be distributed to the "children of her" living at the death of the life tenant or, if none, to the

"issue" then living of any deceased child of the life tenant. Emma Bell Baxter, one of the daughters of the testator, died on June 16, 1965. Mrs. Baxter had no natural children and was survived only by her legally adopted son, Edward A. Baxter, the present appellant. Edward was adopted before the death of the testator.

In *Bell Estate*, 439 Pa. 433, 267 A.2d 862 (1970) (hereinafter *Bell I*), we affirmed per curiam the Orphans' Court decree which denied to Edward Baxter his adoptive mother's share of the principal. In that appeal, the question of the intent of Samuel R. Bell was before this Court. Our per curiam affirmance in *Bell I* must be interpreted by implication to hold either (1) the intent of Samuel Bell was clear to the effect that adopted children were to be excluded from the distributive scheme of the testamentary trust, or (2) that the testator expressed no intent in regard to adopted children and that, therefore, the now defunct presumption arose that testator intended to exclude adopted children from the distributive scheme.

*Bell I* may now be erroneous in light of our decision in *Tafel Estate*, 449 Pa. 442, 296 A.2d 797 (1972), wherein it was held that absent an express intention in the testator's will to exclude adopted children, this Court will presume that the testator meant to treat adopted children in the same manner as natural children. After the *Tafel* decision, Edward A. Baxter again petitioned the Orphans' Court for a review of its earlier decision in the same matter, alleging errors of law which would permit review pursuant to Section 3521 of the Probate, Estates and Fiduciaries Code, 20 Pa.S. § 3521, since his petition was filed within five years of the decision of this Court. None of the principal, which would be payable to Edward A. Baxter if he succeeded here, has yet been distributed.

In *Tower Estate*, 463 Pa. 93, 101, 343 A.2d 671, 674 (filed July 7, 1975), the Restatement of Judgments § 1 (1942) was cited to the effect that:

"Where a reasonable opportunity has been afforded to the parties to litigate a claim before a court which has jurisdiction over the parties and the cause of action, and the court has finally decided the controversy, the interests of the State and of the parties require that the validity of the claims and any issue actually litigated in the action shall not be litigated again by them."

A subsequent change in the judicial view of the law has no effect on the finality of a prior adjudication under the doctrine of res judicata. *Tower Estate*, 463 Pa. at 93, 343 A.2d at 671; *Delaware River Port Authority v. Pennsylvania Public Utility Commission*, 408 Pa. 169, 182 A.2d 682 (1962). Nor is the "separate funds" exception to the res judicata principle (*cf. Tower Estate, supra*; *Brown Estate*, 408 Pa. 214, 183 A.2d 307 (1962); *Kellerman's Estate*, 242 Pa. 3, 88 A. 865 (1913)) available to appellant in this case, since the principal of the share held in trust for appellant's adoptive mother is the identical fund which was in controversy in *Bell I*.

The issue narrows then to whether Section 3521 of the Probate, Estates and Fiduciaries Code, 20 Pa.S. § 3521, is a statutory provision which defeats the judicial doctrine of res judicata in this instance.

Section 3521 (formerly Act of 1840, October 13, P.L. 1841, 1, § 1, Act of 1917, June 7, P.L. 447, § 48, Act of 1949, April 18, P.L. 512, art. VII, § 721), provides:

"If any party in interest shall, within five years after the final confirmation of any account of a personal representative, file a petition to review any part of the account or of an auditor's report, or of the adjudication, or of any decree of distribution, setting forth spe-

cifically alleged errors therein, the court shall give such relief as equity and justice shall require: Provided, That no such review shall impose liability on the personal representative as to any property which was distributed by him in accordance with a decree of court before the filing of the petition. The court or master considering the petition may include in his adjudication or report, findings of fact and of law as to the entire controversy, in pursuance of which a final order may be made."

A long line of Pennsylvania cases has interpreted this statute and its predecessors as a legislative extension of the Orphans' Court's inherent discretionary power to review and correct its *own* decrees. "The object of [the Act of 1840, October 13, P.L. 1841, 1, § 1] seems to have been to make a bill of review in the Orphans' Court a matter of right, and at the same time prescribe a limitation of time to the exercise of the power." *Kinter's Appeal*, 62 Pa. 318, 320 (1869). *Accord, Stetson's Estate*, 305 Pa. 62, 155 A. 856 (1931); *Meckel's Appeal*, 112 Pa. 554, 4 A. 447 (1886). Irrespective of the statute, the Orphans' Court possesses an inherent discretionary right, recognized at common law, to correct its *own* records and decrees in the interest of justice. *Huff's Estate*, 300 Pa. 64, 150 A. 98 (1930); *Willing's Estate*, 288 Pa. 337, 135 A. 751 (1927); *Troutman's Estate*, 270 Pa. 310, 113 A. 405 (1921); *Sloan's Estate*, 254 Pa. 346, 98 A. 966 (1916). Therefore, the discretionary power in the Orphans' Court to review its *own* decrees was never changed by the line of statutes which culminated in Section 3521. The Orphans' Court *may* still, in accordance with the long-established practice, entertain a petition for review notwithstanding a decree of confirmation by this Court, but only where the questions were not raised or passed upon appeal. This would naturally include cases of after-discovered evidence or fraud. But where issues have been decided by the lower court and

affirmed on appeal, the Orphans' Court is powerless, under common law or statute, to entertain these issues again by bill of review. *Lawler v. Commonwealth,* 347 Pa. 568, 33 A.2d 432 (1943); *Graham's Estate,* 302 Pa. 208, 153 A. 136 (1931); *Bailey's Estate,* 291 Pa. 421, 140 A. 145 (1927); *Lockhart's Estate,* 111 Pa.Super. 15, 169 A. 475 (1933). The statutes which have provided for peremptory review by the Orphans' Court merely demanded that the Orphans' Court entertain a review if the bill was presented within five years. The Orphans' Court's power of review has always been limited to its own decrees and to those portions of its decrees which were not dealt with on appeal. There is nothing in Section 3521 which defeats the judicial doctrine of res judicata as to holdings of this Court.

Furthermore, this Court, in reviewing this and predecessor statutes, has set forth guidelines for the interpretation and exercise of the statutes:

"Under Section 48 of the Fiduciaries Act of June 7, 1917, P.L. 447 [now 20 Pa.S. § 3521], which provides for petitions of review to correct errors in an account, auditor's report, or adjudication, it is settled that such review will be granted as of right only (1) where there are errors of law appearing upon the face of the record; (2) where new matter has arisen since the confirmation of the account or decree; (3) where justice and equity require a review and no person will suffer thereby: *Troutman's Estate,* 270 Pa. 310, 113 A. 405 [1921]; *Willing's Estate,* 288 Pa. 337, 135 A. 751 [1927]; *Bailey's Estate,* 291 Pa. 421, 140 A. 145 [1927]; *Reamer's Estate,* 331 Pa. 117, 200 A. 35 [1938]. . . ."

*Osterling's Estate,* 337 Pa. 225, 227–28, 10 A.2d 17, 18 (1940).

■ The only factor raised by the petition for review is that the decision in *Tafel* changed the law which may

possibly have been the basis for the earlier decision in the instant matter. We are not convinced that this constitutes an error of law on the face of the record:

"It is well settled that a change in the substantive rule of law upon which a former decree was based does not create 'an error of law apparent on the face' of that decree, or 'new matter' justifying relief by bill of review. See *Scotten v. Littlefield*, 235 U.S. 407, 411, 35 S.Ct. 125, 59 L.Ed. 289 [1914]; *Simmons Co. v. Grier Bros. Co.*, 258 U.S. 82, 88, 91, 92, 42 S.Ct. 196, 66 L.Ed. 475 [1922]; *Miller v. McCutcheon*, 117 N.J. Eq. 123, 175 A. 155, 95 A.L.R. 702. . . ."

*Frantz v. Philadelphia*, 333 Pa. 220, 224, 3 A.2d 917 (1939). *Accord, Scott Trust*, 40 Pa.D. & C. 227 (O.C. Phila.1941). *See Love v. Temple*, 422 Pa. 30, 220 A.2d 838 (1966); *Bolton v. Hey*, 168 Pa. 418, 31 A. 1097 (1895). Section 3521 of the Probate, Estates and Fiduciaries Code provides no exception or supersession of the res judicata principle and appellant's claim must fail.

As a postscript we must state that we by no means intend to intrude upon the progressive statutes and cases which have cumulatively succeeded in granting equal inheritance rights to adopted children. As between the parties to this action, we feel that the equities weigh in favor of the adopted grandson. However, there is another interest which must be weighed here—the interest of the Commonwealth and, in particular, its courts system. Although this Court and others are often compelled to overrule prior decisions, such action cannot become a signal for the re-agitation of the overruled cause of action. Litigation must come to a conclusive end and accounts must at some point be at rest. The state's interest in the finality of litigation is more than merely an attempt to clear the dockets. The res judicata doctrine imparts to the law a settling influence upon society. Without finality, adverse parties would continue to be adversaries with one party dreaming of satisfaction via an as yet unan-

nounced legal right. A society could not long endure such continuing turmoil.

Decree affirmed. Parties to pay own costs.

EAGEN, J., concurs in the result.

NIX, J., filed a dissenting opinion.

ROBERTS, J., filed a dissenting opinion in which MANDERINO, J., joined.

NIX, Justice (dissenting).

I cannot accept the unwarranted restrictive interpretation of Section 3521 of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S. § 3521 (Special Pamphlet, 1974), employed by the majority. In addition to the two expressed limitations on the power of the Orphans' Court Division to reconsider its actions, the majority today imposes a third. It would prevent that court from reconsidering a former action in light of a change in the law in the interim where the question was passed upon on appeal.

Where an appellate court has confessed error or abandoned a former doctrine, I fail to see a disservice to the orderly operation of our court system in allowing the Orphans' Court Division, upon proper petition under the provisions of this section, to conform its earlier action in accordance with the new view. Because I believe "equity and justice" require such relief to be given I must respectfully dissent.

ROBERTS, Justice (dissenting).

Section 3521 of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S. § 3521 (Special Pamphlet, 1974), imposes two limitations on the power of an orphans' court to review its decrees: the petition must be filed within five years after final confirmation of an account, and the court may not "impose liability on the personal repre-

sentative as to any property which was distributed by him in accordance with a decree of court before the filing of the petition." I would import no judicially created barriers to review into the statute.

Because neither statutory limitation would bar review in this case, the orphans' court was bound to "give such relief as equity and justice shall require . . .." The majority concedes that "the equities weight in favor of the adopted grandson." Ante at 682. In my view, that conclusion is sufficient to dispose of this case. I would remand the case to the orphans' court for review of the prior decree and revision in light of *Tafel Estate*, 449 Pa. 442, 296 A.2d 797 (1972). Therefore, I dissent.

MANDERINO, J., joins in this dissent.