401 A.2d 1345

TURNWAY CORPORATION, a Pennsylvania
Corporation, Appellant,

v.

Joseph SOFFER and Violet Soffer, his wife, Appellees,

v.

The SHERIFF OF ALLEGHENY COUNTY, Pennsylvania.

Superior Court of Pennsylvania.

Argued Oct. 24, 1978.

Decided April 13, 1979.

358

John Daley, Pittsburgh, for appellant.

David H. Ehrenwerth, Pittsburgh, for appellees.

Before VAN der VOORT, SPAETH and LIPEZ, JJ.

SPAETH, Judge:

This is an appeal from an order directing that execution upon a judgment may proceed only against a supersedeas bond.

The origins of the present case lie in an action in equity brought by appellant to require appellees to remove certain sanitary and storm sewer lines from appellant's property. The decree entered in that case directed the removal of the lines and awarded appellants damages of $7,500 per year, starting August 1970 and continuing until such time as the

lines were removed, plus the additional sum of $245 for expenditures on repairs. Appellees appealed the decree and posted a bond of $75,000, so that the appeal would act as a supersedeas. In April 1975 the Supreme Court affirmed the decree. 461 Pa. 447, 336 A.2d 871 (1975). Appellees petitioned the lower court to modify the decree as affirmed, and to stay execution, but the lower court denied the petition, and on June 10, 1976, by *per curiam* order, we affirmed. 241 Pa.Super. 564, 358 A.2d 64 (1976).

Thus, it cannot be questioned that appellees were subject to a final decree requiring them to remove the sanitary and storm sewer lines from appellant's property. However, on November 19, 1976, before appellees had removed the lines, the Department of Environmental Resources issued an order stating that if the appellees removed the sanitary sewer lines there would be a "discharge of sewage onto the surface of the ground and into the waters of the Commonwealth." Record at 30a. The order went on to say that this would be a "nuisance" under Section 202 of the Clean Streams Act, 35 P.S. § 691.202 (Purdon's 1977), since appellees did not possess a discharge permit. Record at 31a. Accordingly, the order directed appellees to "take no steps to comply with [the final decree in this case] as to any sewers covered by Sewerage Permit 464S37, which steps would cause or permit a violation of the Clean Streams Law, *supra*, to occur in Wilkins Township." Record at 32a.

Wilkins Township has appealed this order to the Pennsylvania Environmental Hearing Board. In the meantime, however, in early 1977, appellant caused a writ of execution to be issued against appellees in the amount of $57,306.20 and instructed the sheriff of Allegheny County to post appellees' residence for sale. Appellees petitioned to strike or stay the execution. On June 30, 1977, the lower court did stay the execution "until further order of this Court." On January 9, 1978, the court entered the order that is the subject of this appeal. This order precluded appellant from recovering any damages incurred after November 19, 1976, that is, after the order issued by the Department of Envi-

ronmental Resources. The order further provided that in recovering damages incurred before November 19, 1976, that is, damages of $7,500 per year starting August 1970, appellant could proceed only against appellees' bond of $75,000, entered incident to the original appeal.

Appellant argues that the lower court was without power to enter its order, and also that the court should not have limited execution to appellees' supersedeas bond.

It is settled that an aggrieved party may petition for reconsideration of a final decree in equity. *See* Pa.R.Civ.P. 1522.[1] There is a paucity of case law as to whether the same possibility exists once the final decree has been affirmed by an appellate court. However, in *In re Estate of Bell,* 463 Pa. 109, 114, 343 A.2d 679, 681 (1975), the Supreme Court stated that the Orphan's Court "*may* still, in accordance with the long-established practice, entertain a petition for review notwithstanding a decree of confirmation by this Court, but only where the questions were not raised or passed upon appeal. This would naturally include cases of after-discovered evidence or fraud." (Emphasis supplied.)

In the case before us, neither after-discovered evidence nor fraud was alleged in the petition to strike or stay execution. Nevertheless, the petition did allege a compelling change of circumstances; for if the allegations of the petition are accepted, it would appear that appellees are caught in a most awkward position, with one branch of the government—the courts—requiring them to remove the sanitary sewer lines, while another—the Department of Environmental Resources—forbids them to remove the lines. It is arguable that these allegations set out a more convincing reason to grant relief than if appellees had alleged after-discovered evidence. The parties had no control over the entry of the Department of Environmental Resources order; a

1. Pa.R.Civ.P. 1522 states: "A petition for a rehearing shall set forth the special matter or cause for which such rehearing is sought. The petition for rehearing shall be filed within a reasonable time after the discovery of the grounds for rehearing and in no event later than the time for taking an appeal."

party alleging after-discovered evidence must show not only that the evidence might result in relief, but that he had previously exercised "due diligence" in proceeding to trial without it. *See Hydro-Flex Inc. v. Alter Bolt Company, Inc.,* 223 Pa.Super. 228, 296 A.2d 874 (1972); *Commonwealth v. Rambo,* 250 Pa.Super. 314, 378 A.2d 953 (1977). We therefore conclude that the lower court may have had the power to enter its order modifying the original final judgment.

This conclusion, however, does not end our consideration of the issue of the lower court's power, for appellant argues that in any event the court's procedure was defective.[2] We agree. In the first place, it was somewhat anomalous to modify a final decree in the context of a stay of execution proceeding. Goodrich-Amram state that "[u]nder the guise of controlling execution process, a court may not rewrite the judgment." 9 *Goodrich-Amram* 2d § 3121(c):1.1. It would have been preferable if the lower court had directed appellees to file a separate petition seeking modification of the judgment.[3] Of greater concern, however, is that the lower court decided the case on the basis of the petition to strike or stay execution, the answer, and the accompanying exhibits. No testimony was taken. Evidently the lower court believed that testimony was unnecessary, for it stated in the opinion accompanying its order that "[t]he facts are not in dispute." Slip opinion at 1,

**2.** We disagree with appellees' assertion that appellant has waived, by not making, the argument that the lower court's procedure was defective. Appellees' Brief at 6. Appellant's Brief states: "It is submitted that the lower court converted the petition to strike or stay the execution filed on behalf of the Soffers in the lower court into a Bill of Review and on the basis of same and without taking any testimony it modified a decree which had been reviewed and affirmed by both the Supreme and Superior Courts of this Commonwealth." Appellant's Brief at 13.

**3.** Traditionally, the proper procedure would have been to file a bill or review, which Goodrich-Amram describe as "in effect a new suit in equity to set aside or reexamine an outstanding final decree in a prior equity suit." 5 *Goodrich-Amram* 2d § 1522:4 n. 6. Apparently, the bill of review has been replaced by the petition for rehearing. 5 *Goodrich-Amram* 2d § 1522:4.

Record at 34a. This is a puzzling conclusion, however, inasmuch as appellant's answer to appellees' petition specifically disputed appellees' claim that the prior final decree of the court and the Department of Environmental Resources order were in conflict.[4] The case must therefore be remanded to the lower court to give appellant, and appellees, an opportunity to present testimony on the issue of whether the final decree and the Department of Environmental Resources order were in conflict.

Given this conclusion, we need not determine whether the lower court erred in limiting execution to appellees' supersedeas bond. We do note, however, that Pa.R.Civ.P. 3121 states that

> (a) Execution shall be stayed as to all or any part of the property of the defendant
>
>        *     *     *     *     *     *
>
> (2) upon the entry of bond with the prothonotary, by any person or party in interest, with security approved by the prothonotary, in the amount of plaintiff's judgment, including probable interest and costs, or in such lesser amount as the court may direct, naming the Commonwealth of Pennsylvania as obligee, and conditioned to pay the amount due within

---

4. Appellant's view of the effect of the order issued by the Department of Environmental Resources differs from appellees'. Appellant's answer stated in pertinent part: "The Department of Environmental Resources of the Commonwealth of Pennsylvania at no time directed the Defendants not to comply with the Decree of Judge LEWIS. It only directed the Defendants to make provisions for complying with Judge LEWIS's Order not to create a nuisance or to endanger the health and safety of the public. There is no reason for the failure on the part of the Defendants to have complied with Judge LEWIS's Decree following June 10, 1976. It was the Defendants who trespassed on the Plaintiff's property by placing the sanitary and storm sewer lines on same and it is their responsibility under the law to remove same. Naturally, in removing the sanitary sewer line they must comply with state and local ordinances that apply." Supplemental Record at 6. On remand, the lower court should resolve this issue. Also, as was noted above, Wilkins Township has appealed the Departmental or Environmental Resources order. The outcome of this appeal may have some bearing on the lower court's decision.

ninety (90) days of the entry of bond, unless the time for payment be further extended by the court;

Reversed and remanded for proceedings consistent with this opinion.