584

427 A.2d 629

ESTATE of S. Pearce HOLTON, Deceased.

Appeal of S. Pearce HOLTON, II (Appellant at Nos. 521 & 522 January Term, 1978, and No. 80–3–690).

Appeal of Henrietta D. THOMAS (Appellant at No. 80–3–690).

Supreme Court of Pennsylvania.

Argued Jan. 27, 1981.

Decided March 13, 1981.

Reargument Denied April 20, 1981.

James R. Ledwith, Philadelphia, for appellant.

Robert L. Freedman and Linda A. Fisher, Philadelphia, for The Fidelity Bank.

H. Ober Hess, Philadelphia, for Mary C. H. Bishop and John M. Holton, Jr.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Settlor S. Pearce Holton died in 1931, leaving a will dated March 16, 1929, creating a number of trusts. One of the trusts, created by paragraph eleven of the will, was for the benefit of settlor's son, Howard C. Holton, for his life. Upon the son's death, trust income was to be paid to the son's "children." If the son died without "children," the corpus of the trust was to be divided in two equal parts.

One-half of the corpus was to be made subject to a general, testamentary power of appointment in favor of the son. The other half was to be added to a residuary trust created by settlor under paragraph 14(c) of his will for the exclusive benefit of his natural grandchildren, appellees John M. Holton, Jr., and Mary C. Holton.

Howard Holton adopted appellants, S. Pearce Holton, II, and Henrietta Thomas, after settlor's death. Following Howard Holton's death in 1957, appellants sought to claim the benefits of the Paragraph 11 Trust. In 1960, this Court affirmed a decree of the Orphans' Court Division of the Court of Common Pleas of Philadelphia which held that appellants were not "children" of Howard Holton for purposes of the trust. *Holton Estate*, 399 Pa. 241, 159 A.2d 883 (*Holton I*).

That same year, on remand, pursuant to settlor's direction the Paragraph 11 Trust was terminated by court decree. Even though appellants did not take as "children" under the Paragraph 11 Trust, they were adjudged beneficiaries of one-half of the Paragraph 11 Trust corpus because their father had exercised the general testamentary power in their favor. The other half of the Paragraph 11 Trust corpus was added to the Paragraph 14(c) Residuary Trust for the benefit of appellees.

In accordance with paragraph 14(c) of settlor's will, appellees have been the sole recipients of income from the residuary trust. Paragraph 14(c) provides:

"(c) One equal fourth (¼) part [of the residue] to the Fidelity-Philadelphia Trust Company [(now the Fidelity Bank)] IN TRUST, nevertheless, to invest and keep invested and the net income therefrom to pay in equal shares, to my grandchildren, John M. Holton, Jr. and Mary C. Holton, children of my deceased son, John M. Holton, during their lives with remainders over to their descendants in the manner set forth in the Twelfth Item of this my Will with respect to the Special Fund therein set apart."

Appellees' exclusive right to this trust income had not been questioned for more than fifteen years after termination of the Paragraph 11 Trust and distribution of its corpus in accordance with the 1960 decree.

Now, more than twenty years after *Holton I*, at issue is the extent to which the court-approved distribution of one-half of the Paragraph 11 Trust corpus to the Paragraph 14(c) Residuary Trust has been affected by *Tafel Estate*, 449 Pa. 442, 296 A.2d 797 (1972). *Tafel*, unlike *Holton I*, presumptively permitted adopted children to take under a bequest to "children." See, e. g., *Flinn Estate*, 479 Pa. 312, 388 A.2d 672 (1978). Appellant S. Pearce Holton, II, contends that since March 5, 1976, when the trustee of the Paragraph 14(c) Residuary Trust first sought a determination of the effect of *Tafel*, he has been entitled to income from that portion of the Paragraph 14(c) Residuary Trust which is derived from one-half of the corpus of the Paragraph 11 Trust. This appellant, as well as appellant Henrietta D. Thomas, also claims entitlement under *Tafel* to the principal of that same portion of the Paragraph 14(c) Residuary Trust as of December 4, 1978, the date the Paragraph 11 Trust would have expired had appellants been deemed "children" in *Holton I*.

Appellants' attempts to claim portions of the Paragraph 14(c) Residuary Trust, in reality, are efforts to obtain equitable relief from *Holton I*. Appellants seek to recapture the benefit and enjoyment of what was once one-half of the corpus of the Paragraph 11 Trust. However, the Paragraph 11 Trust was terminated in 1960 and its corpus was distributed in accordance with court decree. Compare *Biddle Estate*, 487 Pa. 616, 410 A.2d 782 (1980) (adopted child permitted to participate in future distributions of income from ongoing trust established for benefit of "children" of "grandchildren"); *DeRoy Estate*, 481 Pa. 403, 392 A.2d 1355 (1978) (adopted child allowed to claim principal of terminating trust despite earlier adjudication excluding child from income of same trust).

588

We agree with the orphans' court that the present claims are governed by 20 Pa.C.S. § 3521. In the interest of finality, section 3521 provides:

"Rehearing; relief granted

If any party in interest shall, within five years after the final confirmation of any account of a personal representative, file a petition to review any part of the account of an auditor's report, or of the adjudication, or of any decree of distribution, setting forth specifically alleged errors therein, the court shall give such relief as equity and justice shall require. * * *"

Here, many more than five years have elapsed since final court confirmation of the account in 1960 distributing the corpus of the Paragraph 11 Trust. By the clear language of 20 Pa.C.S. § 3521, the present claims are untimely. See, e. g., *Thomas Estate*, —— Pa. —— (J. 466 of 1980, filed January 27, 1981); *Bell Estate*, 463 Pa. 109, 343 A.2d 679 (1975); *Thorne Estate*, 344 Pa. 503, 25 A.2d 811 (1942); *Stetson Estate*, 305 Pa. 62, 155 A. 856 (1931). The decrees refusing to disturb the 1960 decree terminating the Paragraph 11 Trust and distributing its corpus must be affirmed.

Decrees affirmed. Each party pay own costs.

O'BRIEN, C. J., concurs in the result.