**In re Estate of Samuel Rappaport.**

*Geoffrey C. Hazard & Alan C. Promer*, for plaintiff.
*Michael A. Bloom & Charles W. Wolfman*, for defendant.

FRITSCH, *J.*, June 11, 2012—The matters presently before the court are a second set of cross-appeals filed by the beneficiaries and the current administrator d.b.n.c.t.a. of the estate of Samuel Rappaport, deceased (hereinafter collectively referred to as the "estate"), and Richard and Lois Basciano, former executors of said estate, following the remand of the case by the Pennsylvania Superior Court.

These appeals arise from this court's order, amended adjudication and amended decree of March 2, 2012, issued in response to exceptions filed to this court's initial adjudication addressing objections to the first and final account and supplemental account of the estate of Samuel Rappaport. We file this opinion pursuant to Pennsylvania rule of appellate procedure 1925(a).

## BACKGROUND

On September 6, 1994, Samuel Rappaport died. During his lifetime, Mr. Rappaport owned commercial real estate and operated several businesses throughout the Philadelphia region and in several other states. Upon his death, the multifaceted network of his businesses became part of his estate and was entrusted to his named executors.

In 2002, then executors Richard Basciano and Lois Basciano, nee Palmer (hereinafter sometimes referred to collectively as the "Bascianos"), were removed by this court for self-dealing. Thereafter, the Bascianos filed a first and final account and a supplemental account covering their administration of the estate. In response to the accounts, Samuel Rappaport's family, the beneficiaries of the estate, filed objections with this court. The objections alleged several instances of self-dealing by the executors and sought repossession of certain properties sold by the Bascianos on behalf of the estate, a surcharge for the self-dealing, and reimbursement for various charges against the estate.

On August 27, 2010, we issued a lengthy adjudication addressing the objections with an attached decree.

Thereafter, exceptions were filed by the Bascianos that were rendered moot by the filing of an appeal from our adjudication to the Superior Court of Pennsylvania by the estate of Samuel Rappaport subsequently, the Bascianos also filed an appeal from our adjudication. This court issued an opinion on December 29, 2010. Therein, we advised that we wished to revise our adjudication to address the exceptions, but were precluded from doing so by the then-pending appeals. We further noted our willingness to address the exceptions upon remand from the Superior Court of Pennsylvania. Subsequently, the Superior Court remanded the matter to this court. On March 2, 2012, following remand, we filed an amended adjudication and decree in response to the exceptions. On April 3, 2012, the beneficiaries of the estate, the administrators of the estate, and the Bascianos each appealed our amended adjudication and decree.

## STATEMENTS OF MATTERS COMPLAINED OF ON APPEAL

Pursuant to our 1925(b) orders dated March 13, 2012, appellants filed their respective statements of matters complained of on appeal.

## ISSUES RAISED ON APPEAL BY THE ESTATE

In their April 3, 2012 concise statement of issues raised on appeal, the beneficiaries and administrator jointly alleged the following[1]:

1. The court erred in failing to apply principles of

---

1. For ease of discussion, we have paraphrased each issue raised on appeal.

res judicata and not finding that all transactions determined to be self-dealing by Judge Lawler in his 2002 adjudication are voidable at the sole option of the estate.

2. The Will did not permit self-dealing without prior court approval and the court erred in not rescinding the self-dealing transactions and imposing surcharge where no court approval was obtained.

3. The court erroneously considered the adequacy of consideration, good faith, lack of damage to the estate, and alleged repayment of loans, as defenses to self-dealing without court approval.

4. The court failed to award the entire amount of legal fees, $1,303,158.87 and costs plus interest incurred by beneficiaries in their successful removal action.

5. The court erred by failing to award 100% of the legal fees and costs incurred in pursuing the surcharge action against the Bascianos.

6. The court erred when it failed to require the Bascianos to reimburse all legal fees they charged to the estate where they did not meet their burden of proving those fees were legitimate, reasonable, and necessary expenses and were not related to their unsuccessful defense of the removal petition.

7. The court erred by failing to issue a surcharge for the unsubstantiated expenses and placing the burden on the estate rather than executors to establish the necessity and reasonableness of such expenses.

8. The court erred and committed a capricious disbelief of competent evidence when it failed to surcharge the executor for $500,000 in connection with Hollywood Beach (the $500,000 reduction).

9. The court erred in not surcharging Basciano for the $1,000,000 executor fee he obtained in conjunction with administering this estate.

## ISSUES RAISED ON APPEAL BY RICHARD AND LOIS BASCIANO

On April 3, 2012, Richard and Lois Basciano each filed a concise statement of issues raised on appeal. As several alleged errors appear on both Richard and Lois' concise statements, we present a merged set of alleged errors as follows:[2]

1. The court erred in sustaining any of the objections and imposing a surcharge on the former executors given that the Bascianos' actions resulted in the value of the estate increasing markedly throughout their tenure as executors.

2. The court erred in rescinding the SR utility and Dimeling & Schreiber garage transactions because the executor had an implied waiver of self-dealing and was otherwise permitted to sell the properties in repayment of loans that he made to the estate.

3. The beneficiaries consented to the transactions at issue and are thus estopped from challenging said

---

2. For ease of discussion, we have paraphrased each issue raised on appeal.

transactions, making the court's imposition of liability erroneous.

4. The court erred when it failed to consider the relationship between the wrongdoing of RRR and Wil Rappaport, the RICO action and the retaliatory conduct of the objectors in belatedly challenging the SR utility and Dimeling & Schreiber garage transactions.

5. The court erred when it added new findings of fact and conclusions of law to its prior 1925(a) opinion to support the proposition that the Beneficiaries were unable to object in a timely fashion because they feared Richard Basciano.

6. The court erred in directing the rescission of the Dimeling & Schreiber garage transaction as said property was not owned by the estate.

7. The court erred in sustaining the objections relating to the Dimeling & Schreiber garage and Hollywood Beach garage transactions as said properties were not owned by the estate.

8. The court erred in including Lois Basciano within its award rescinding the Dimeling & Schreiber garage transaction.

9. The court erred in asserting jurisdiction over partnership and out-of-state property.

10. The court erred in calculating the rescission remedy awarded with respect to objections 5 and 10 to the girst and final account regarding the SR utility and Dimeling & Schreiber garage transactions, respectively.

11. The court erred in accepting the damages calculation of the estate's expert Glenn Newman with respect to the SR utility and Dimeling & Schreiber garage transactions.

12. The court had no authority to order Richard Basciano to jointly and severally return the SR utility property with three keys, as three keys was not joined as a party.

13. The court erred in entering judgment against Lois Basciano for attorneys' fees in connection with transactions that occurred prior to her appointment as co-executor.

14. The court erred in ordering a surcharge against Lois Basciano where the surchargeable offense occurred within the first ten months of her five-year tenure and where beneficiaries supported her appointment.

15. The court erred in sustaining a challenge to Richard Basciano's additional executor commissions.

16. The court erred in awarding attorneys' fees and costs.

## DISCUSSION

At the outset of our discussion, we believe it is important to highlight the substantive modifications we made to our original adjudication and decree in formulating our amended adjudication and decree. First, we reduced from $2,462,807.47 to $523,807.47, the refund owed by the Bascianos to the estate for legal fees incurred by Richard and Lois Basciano and charged to the estate for services

through August 23, 2002, the date of their removal as executors.

Second, we added a conclusion of law regarding an improper $220,000 price deduction agreed to by Richard Basciano in the Boca Del Mar Shopping Center transaction, which is still owed to the estate. Moreover, we amended our original decree to reflect the $220,000 price reduction still owing to the estate. This debt represents the amount that Richard Basciano, as executor, directed his partners in the Boca Del Mar partnership to deduct from the $1.5 million to be paid to the estate, and pay directly to him as part of a side deal.

Third, we corrected a typographical error in our original adjudication and decree regarding the Hollywood Beach and Boca Del Mar transactions. The two transactions were challenged in objections as improper sales of estate properties to purchasing partnership entities, RW Ventures and T&W Rappaport Investments. In our original adjudication, we intended to direct that the Bascianos repay to the estate the $1.5 million take-back for the Hollywood Beach garage and movie theatre transaction based upon our findings of fact therein. See, original adjudication, findings of fact, at 48-54. In our original decree, however, we inadvertently indicated that the $1.5 million owed to the estate was instead related to the Boca Del Mar transaction.

Our original adjudication contained a conclusion of law that stated that the remaining principal from the Boca Del Mar transaction not paid to RW Ventures for the $1.5 million take-back was owed to the estate. In our

amended adjudication, we removed that conclusion of law concerning Boca Del Mar and substituted a conclusion of law concerning the Hollywood Beach garage and movie theatre transaction, which stated that the remaining principal not paid to T&W Rappaport Investments for the $1.5 million take-back was owed to the estate. Finally, we included language in our amended adjudication which confirmed the account, as supplemented, filed by the Bascianos, as modified by our rulings. Furthermore, our decree was also amended to reflect these alterations.

We will first address matters complained of on appeal concerning modifications reflected in our amended adjudication. Then, where applicable, we will turn our attention to other issues raised for the first time in the current set of cross-appeals.

## ISSUES RAISED BY THE ESTATE

## NEW ISSUES RELATING TO CHANGES REFLECTED IN THE AMENDED ADJUDICATION

The estate asserts that this court abused its discretion and committed an error of law when we reduced the amount the Bascianos were to reimburse the estate from $2,462,807.47 to $523,807.47 for legal fees charged to the estate. This reimbursement represents attorney's fees and costs the Bascianos expended in defending against the action to remove them as executors. The estate's position is that the Bascianos should reimburse the entire amount of $2,462,807.47 because the Bascianos allegedly failed to meet their burden of proving those fees were legitimate, reasonable and necessary expenses of the estate and not related to their unsuccessful defense against the removal

petition. We disagree with the estate's stance as it was our intent to require the Bascianos to reimburse the estate for fees relating to removal only.

An executor has a duty to ensure that his or her purely private interests are not advanced at the expense of the estate. *In re Pitone's Estate*, 489 Pa. 60, 66, 413 A.2d 1012, 1015 (1980). An executor is not entitled to charge to the estate fees for counsel retained for the purpose for preventing his or her removal. See, *In re Estate of Bruner*, 691 A.2d 530, 535 (Pa. Super. Ct. 1997) (reducing executor's attorney fees where a portion of the fees were for services that did not benefit the estate); *In re Clark's Estate*, 14 Pa. D&C 751, 753 (O.C. Phila. 1930) (counsel fees incurred by guardian in opposing her removal are not chargeable to the estate, being expended on her own behalf and not for the benefit of the estate).

In this case, the Bascianos accrued and charged legal fees to the estate for their unsuccessful defense against their removal. In essence, the estate contends that this court was correct to direct the Bascianos to reimburse $2,462,807.47 to the estate for payments the estate made to "fund Mr. Basciano's unsuccessful defense in the removal litigation." Original adjudication at 77. This $2,462,807.47 figure was the product of a stipulation entered into by the parties regarding legal fees. In a joint effort to avoid presenting evidence as to amount and reasonableness of all legal fees each side incurred in estate-related matters, the parties stipulated to the total legal fees borne by each side, for any purpose, prior to and after removal. At the time we issued our original adjudication, we adopted the $2,462,807.47 figure as the amount the former executors

improperly charged the estate during their administration.

Following the Superior Court's remand of the case back to this court, we revised our adjudication to reflect more accurately the amount of legal fees the Bascianos charged to the estate that were predominantly connected with their unsuccessful defense against the removal action. Shortly before we issued our amended adjudication, in response to the exceptions filed on September 15, 2010, we directed the Bascianos to produce all of the relevant legal invoices in un-redacted form. These produced invoices were color coded to delineate which expenses specifically related to removal proceedings, administration of the estate, other work performed in the orphans' court not pertaining to removal and litigation in other matters. After receiving this legal breakdown of fees, which we accepted, we reduced the amount the Bascianos owed to the Estate to $523,807.47, which represented the fees they expended solely in conjunction with the removal proceedings. It was apparent that extensive legitimate legal fees were required to be paid by the Bascianos to administer the estate during their substantial tenure as co-executors, and such fees are not appropriately returnable to the estate.

As reflected in our initial adjudication, our intent always was to charge to the Bascianos only with those legal fees they expended in defense against the removal action. On remand, when more specific information was furnished to the court regarding legal fees the Bascianos charged to the estate, we amended our adjudication accordingly.

## ISSUES PREVIOUSLY ADDRESSED IN OUR PRIOR OPINION

Estate issues 1 through 5 and 7 through 9 were addressed in our original opinion, and we will not expand on our analysis of those issues herein.

## ISSUES RAISED BY RICHARD AND LOIS BASCIANO

## NEW ISSUES RELATING TO CHANGES REFLECTED IN THE AMENDED ADJUDICATION

The Bascianos allege that we erred when we sustained the objections relating to the Dimeling & Schreiber garage and the Hollywood Beach garage transactions because the estate did not own these properties.[3] We disagree. We previously addressed this issue with respect to the Dimeling & Schreiber garage transaction in our prior opinion. As the facts underlying the decedent's ownership in the properties involved in the transactions are similar in nature and the legal arguments are essentially the same, we incorporate our arguments from our prior opinion into our present discussion regarding the Hollywood Beach garage transaction.

With regard to both the Dimeling & Schreiber garage and the Hollywood Beach garage, the Bascianos allege that the properties were not assets of the estate but rather were partnership property not subject to our jurisdiction. We disagree because the estate partnerships at issue were

---

3. As a preliminary matter, concerning the Bascianos' argument that this court erred when we sustained the estate's objection to the Hollywood Beach garage transaction we observe that we overruled the objection in part and granted it in part. Amended decree at 3. We directed that "[t]o the extent that T&W rappaport investments was not paid in full for the $1.5 million take-back, the remaining principal shall be paid, with interest." *Id.*

atypical as they were overwhelmingly owned by Samuel Rappaport or his children and were completely managed and controlled by Samuel Rappaport. Unlike a partnership where individuals proportionately own and operate the entity, the Rappaport partnerships were controlled by Samuel Rappaport alone. Accordingly, we properly exercised our jurisdiction to grant the estate's objection in part and require the $1.5 million take-back be repaid, with interest, regarding the Hollywood Beach garage and movie theatre transaction.

Although not directly raised on appeal, the Bascianos have previously contended that it would be improper to modify our original adjudication and decree in order to alter some of our conclusions of law and directives. In our amended adjudication, we removed the conclusion of law concerning Boca Del Mar and added a conclusion of law concerning the Hollywood Beach garage and movie theatre transaction, which stated that the remaining principal not paid to T&W Rappaport Investments for the $1.5 million take-back was owed to the estate.

The Bascianos argued that the court should decline to correct the typographical error in our original decree because of the manner in which the error was brought to the court's attention. According to the Bascianos, estate's counsel, in contravention of Orphans' Court Rule 7.1, sent a letter to chambers requesting that we correct the aforementioned error when counsel should have filed exceptions. The Bascianos claimed that because the estate deviated from the required procedure, the estate has waived its ability to challenge our original decree. Letter memorandam of law from John A. Guernsey,

esquire, attorney for Richard Basciano, to the honorable C. Theodore Fritsch, Jr., administrative judge of Bucks County orphans' court (Feb. 7, 2012) at 15. We disagree with the contention that this court is effectively powerless to correct an error where we inadvertently inserted the names of Boca Del Mar and R.W. Ventures for Hollywood Beach and T&W Rappaport Investments in a portion of our original adjudication.

The orphans' court has the complete powers of a court of equity, which includes, but is not limited to, the "inherent discretionary power to review and correct its own decrees." *Estate of Kendall*, 982 A.2d 525, 532 (Pa. Super. Ct. 2009) (quoting, *In re Estate of Bell*, 463 Pa. 109, 114, 343 A.2d 679, 681 (1975)). Even though our original decree assigned the take-back to the Boca Del Mar transaction, our original adjudication clearly indicated that we intended that the remaining balance owed to T&W arising from the Hollywood Beach transaction be paid back with interest.

Furthermore, prior to remand, we expressed to the Superior Court our desire to address such matters. Accordingly, we acted within our discretion and authority when we addressed in our amended adjudication and decree the issue concerning our inadvertent transposition of nomenclature in our original adjudication.

### OTHER ISSUES RAISED FOR THE FIRST TIME IN THE PRESENT APPEAL

#### A. RRR, Wil Rappaport, and the RICO Action

The Bascianos also claim that we failed to consider the

relationship between the alleged wrongdoing of RRR and Wil Rappaport, the RICO action, and the beneficiaries' retaliatory conduct in belatedly challenging the SR Utility and Dimeling & Schreiber garage transactions. They argue that the corporate fiduciary, appointed after the removal of the Bascianos as Executors, improperly petitioned this court to compromise and abandon millions of dollars in claims the Bascianos asserted, on behalf of the estate, against RRR and Wil Rappaport. We disagree.

The present cross-appeals arise from an amended adjudication and decree issued in response to exceptions filed to this court's initial adjudication addressing objections to the first and final account. The first and final account solely concerns the period when the Bascianos were co-executors. The Bascianos were removed from their positions as co-executors in 2002 for self-dealing and a new administrator was appointed to oversee the estate. The current administrator is now responsible for managing and conducting litigation on behalf of the estate rather than the former co-executors. Accordingly, the above stated issues raised by the Bascianos are not germane to the amended adjudication and decree.

B. New Findings of Fact and Conclusions of Law in Our Prior Opinion

The Bascianos allege that we improperly added new findings of fact and conclusions of law to our prior 1925(a) opinion "to bootstrap the proposition that the beneficiaries were unable to object in a timely fashion because they were afraid of Richard." Richard Basciano's concise statement of matters complained of on appeal, at 2. They further claim

that we employed these new findings and conclusions to explain and salvage our original adjudication and decree, but admit that we have not incorporated these additional findings and conclusions into our amended adjudication.

We are perplexed by the statement of error concerning matters stated in our previous opinion. Essentially, the Bascianos complain that we attempted to use our prior opinion to buttress the findings of fact and conclusions of law contained in our original adjudication. Bafflingly, they maintain that we erred even though we did not include those supplemental elements into our amended adjudication. The Bascianos assert that the omission of these findings and conclusions is indicative of a fatal flaw in our amended adjudication and decree. We do not find this position persuasive. Instead, we posit that our original opinion appropriately contained expanded commentary on the finding, discussion and conclusions in our original adjudication. It was not intended, however, to serve as a supplemental adjudication. The factual findings in our adjudications speak for themselves and are properly subject to explanation and interpretation.

C. Alleged Errors Concerning Lois Basciano

The Bascianos allege that this court erred with respect to three decisions we made specifically regarding Lois Basciano. First, the Bascianos maintain that we erred in including Lois Basciano within our award rescinding the Dimeling & Schreiber garage transaction. Second, they claim that we erred in entering judgment against Lois Basciano for attorneys' fees in connection with transactions that occurred prior to her appointment as co-executor.

Third, the Bascianos assert that we erred in ordering a surcharge against Lois Basciano where the surchargeable conduct occurred within the first ten months of her five-year tenure and where the beneficiaries supported her appointment. For the reasons that follow, we believe that the Bascianos' arguments concerning our decisions relating to Lois Basciano are without merit.

First, the Bascianos allege that the court erred in ordering Lois Basciano to return the property and income with respect to the Dimeling & Schreiber garage transaction because she did not purchase the property. The appointment as executor of an estate confers honor and duty as well as the duty to oversee the administration of the estate with competence. *In the Matter of the Estate of Frey*, 693 A.2d 1349, 1353 (Pa. Super. Ct. 1997). Failure to adhere to this standard while causing damage to the estate can result in liability being imposed on the executor. *Id.* at 1355.

Although Mrs. Basciano was not the named purchaser in the property transaction, she was involved in the purchase through her role as a co-executor of the Estate. In her role as co-executor, Mrs. Basciano signed the deed on behalf of the estate transferring ownership of the Dimeling & Schreiber garage to Richard Basciano. Her role in the transaction harmed the Estate, thus warranting the imposition of liability against her.

Next, the Bascianos' claim that the court erred in imposing liability against Lois Basciano for a portion of attorneys' fees incurred by the estate in its challenge of transactions the Bascianos conducted during their tenure as co-executors for two reasons. First, the Bascianos

contend that these fees included challenging transactions that occurred prior to Lois Basciano being appointed as co-executor. As we stated in our prior 1925(a) opinion, we are "unaware of any such scenario in which liability has been imposed upon Mrs. Basciano for transactions she was not involved with as co-executor." 1925(a) opinion, Dec. 29, 2010, at 22. Mrs. Basciano was appointed co-executor of the estate in February 1997. The SR utility, Dimeling & Schreiber garage and the Hollywood Beach transactions all took place subsequent to the appointment of Mrs. Basciano as co-executor. As we properly imposed liability on Lois Basciano for the underlying transactions that occurred during her tenure as co-executor, we also imposed liability on Lois Basciano for attorneys' fees in connection with challenging the aforementioned transactions.

Second, the Bascianos assert that it was only reasonable to assess such fees against Mr. Basciano because we stated in our conclusions of law that "attorneys' fees incurred by the estate...are reasonably imposed on Richard Basciano." Amended adjudication, at 83. The Bascianos erroneously equate our conclusion of law emphasizing the appropriateness of an award of attorneys' fees against Richard Basciano due to his role in improper self-dealing transactions with a deduction that he alone was liable for said fees. We intended no such interpretation. Our decree is abundantly clear that Lois Basciano is also jointly and severally liable for the fees. As Richard Basciano was the active executor and actor in crafting the underlying transactions, we naturally referred to the imposition of fees on him as reasonable given his involvement. Lois

Basciano, although not as active a participant, was still responsible as a co-executor. We merely emphasized the acts of commission undertaken by Mr. Basciano rather than the acts of omission by his wife — who failed to discharge her duties as co-executor — in crafting our conclusion of law.

Finally, the former co-executors contend that the court erred in imposing liability against Lois Basciano where the beneficiaries supported her appointment to the position and the only surchargeable conduct occurred in the first ten months of her five-year tenure. We do not agree. An executor has a duty to oversee the administration of the estate with competence. *In the Matter of the Estate of Frey*, 693 A.2d at 1353. When an executor fails to adhere to this standard while causing damage to the estate, he or she can be held liable for damages. *Id.* at 1355. The Bascianos' claim that Mrs. Basciano should be absolved from liability because the beneficiaries supported Lois' appointment with the express understanding that she would merely "compliment" rather than challenge her husband's decision-making status. We dispute the notion that an executor obtains some sort of equitable defense when he or she is perceived by the estate beneficiaries to be a complimentary fiduciary. Indeed, if Lois Basciano had faithfully discharged her duties as co-executor of the estate, perhaps she and her husband could have avoided liability in this matter.

D. Richard Basciano and Additional Executor Commissions

Finally, the Bascianos claim that we erred when we denied Richard Basciano's request for $1,100,000 in additional executor's fees. We believe this contention is without merit as Mr. Basciano has been sufficiently compensated for the services he provided to the Estate during his administration.

In both our original and amended adjudications, we permitted Mr. Basciano to retain a $1,000,000 executor's commission paid in light of his several years of service and success in initially improving the estate's financial position. Amended adjudication, at 82. Conversely, we believe that any further compensation, such as the request for $1,100,000 in new executor's fees, is exorbitant when one considers that Richard and Lois Basciano were removed as co-executors of the estate due to self-dealing and failure to discharge their fiduciary duties.

Accordingly, we properly denied Richard Basciano's request for an additional executor commission.

## ISSUES PREVIOUSLY ADDRESSED IN OUR PRIOR OPINION

Basciano issues 1 through 3, 6, 9 through 12 and 16 were addressed in our original opinion, and we will not expand on our analysis of those issues herein.

## CONCLUSION

For the reasons set forth in this opinion, we find that the cross-appeals are without merit and should be dismissed.